Citation Nr: 1132135 
Decision Date: 08/31/11 Archive Date: 09/07/11

DOCKET NO. 04-31 709 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Portland, Oregon


THE ISSUE

Entitlement to an effective date earlier than August 6, 2001, for the grant of service connection for post-traumatic stress disorder (PTSD).


REPRESENTATION

Appellant represented by: Jacques DePlois, Attorney at Law


ATTORNEY FOR THE BOARD

Hallie E. Brokowsky, Counsel



INTRODUCTION

The Veteran had active service from June 1967 to June 1972. His awards and medals include the Purple Heart Medal with First Oak Leaf Cluster. 

A review of the evidence of record reveals that service connection is currently in effect for: PTSD, rated as 70 percent disabling from August 6, 2001; chronic lumbar strain, rated as 40 percent disabling from September 15, 2000; residuals of a shell fragment wound of the right lower extremity with malfunction of flexor of the toe, rated as 20 percent disabling from June 22, 1972; residuals of prostate cancer, rated as 20 percent disabling from March 8, 2010; varicose veins, rated as 10 percent disabling from August 6, 2001; residual scarring of the right lower leg, rated as 10 percent disabling from May 4, 2004; residuals of a shell fragment wound to the right elbow, rated as 10 percent disabling from May 4, 2004; scarring of the mid scalp region, rated as noncompensable disabling from June 22, 1972; and erectile dysfunction associated with the prostate cancer, rated as noncompensable disabling from September 21, 2009. With consideration of the bilateral factor, a combined disability rating of 90 percent has been in effect since March 8, 2010. Also, the Veteran has been in receipt of a total rating based on unemployability due to the severity of his disabilities from March 8, 2010. He is also entitled to special monthly compensation on account of loss of use of a creative organ.

A review of the record reveals that by decision dated in July 2006, the Board denied entitlement to an effective date earlier than August 6, 2001, for the grant of service connection for PTSD. In a Joint Motion to Remand decision dated in January 2008, the United States Court of Appeals for Veterans Claims (Court) vacated the July 2006 decision and remanded the case for adjudication in order that the Board might consider whether the Veteran had an unadjudicated claim dating from June 1972 and whether a June 2002 letter from a private physician constituted a medical diagnosis of PTSD which would bear directly on the date entitlement arose. 

In a decision dated in August 2009, the Board determined that there was no prior formal or informal claim for PTSD of record prior to receipt of the claim for service connection for PTSD that was received in August 6, 2001. It was indicated that the September 2002 rating decision assigning an effective date of August 6, 2001, for PTSD and assigning a 70 percent disability evaluation was proper and that it was based on the record and the law which existed at the time and did not involve undebatable error which, had it not been made, would have manifestly changed the outcome of the decision.

In a motion for reconsideration dated in December 2009, the Veteran's accredited representative asserts that the issue regarding entitlement to an earlier effective on the basis of clear and unmistakable error had been raised by the Veteran before the RO, but that the Veteran had not received a Statement of the Case before the Board denied the issue. 

Most recently, in September 2010, the Board vacated the Board's prior, August 2009 decision, and remanded the Veteran's claim to the RO so that a Statement of the Case might be issued with regard to the claim of clear and unmistakable error in the August 1972 rating decision. The Statement of the Case was issued in May 2011, but the Veteran did not file a timely substantive appeal as to the claim of clear of unmistakable error in the August 1972 rating decision, and the case was returned to the Board for appellate consideration of the remaining issue, as listed above. See 38 U.S.C.A. § 7105(d)(3) (West 2002); 38 C.F.R. §§ 20.202, 20.302 (2010). 


FINDINGS OF FACT

1. A claim for service connection for PTSD was received on August 6, 2001. 

2. In a September 2002 rating decision, the RO granted service connection for major depression with PTSD, and assigned a 70 percent disability evaluation, effective August 6, 2001. 



CONCLUSION OF LAW

The requirements are not met for an effective date prior to August 6, 2001 for the grant of service connection for PTSD. 38 U.S.C.A. §§ 5103, 5103A, 5107(b), 5110 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.105, 3.155, 3.159, 3.400 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

Veterans Claims Assistance Act of 2000

The Veterans Claims Assistance Act of 2000 (VCAA) describes VA's duty to notify and assist claimants in substantiating a claim for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2002 & Supp. 2010); 38 C.F.R. §§ 3.102, 3.159 and 3.326(a) (2010). 

Notice

Upon receipt of a complete or substantially complete application for benefits, VA is required to notify the claimant and his or her representative, if any, of any information, and any medical or lay evidence, that is necessary to substantiate the claim. 38 U.S.C.A. § 5103(a) (West 2002 & Supp. 2010); 38 C.F.R. § 3.159(b) (2010); Quartuccio v. Principi, 16 Vet. App. 183 (2002). Proper VCAA notice must inform the claimant of any information and evidence not of record (1) that is necessary to substantiate the claim; (2) that VA will seek to provide; and (3) that the claimant is expected to provide in accordance with 38 C.F.R. § 3.159(b)(1). VCAA notice should be provided to a claimant before the initial unfavorable agency of original jurisdiction (AOJ) decision on a claim. Pelegrini v. Principi, 18 Vet. App. 112 (2004); see also Mayfield v. Nicholson, 19 Vet. App. 103 (2005); rev'd on other grounds, 444 F.3d 1328 (Fed. Cir. 2006).

On March 3, 2006, the United States Court of Appeals for Veterans Claims (Court) issued its decision in the consolidated appeal of Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). The Court in Dingess/Hartman holds that the VCAA notice requirements of 38 U.S.C. § 5103(a) and 38 C.F.R. § 3.159(b) apply to all five elements of a "service connection" claim. As previously defined by the courts, those five elements include: (1) veteran status; (2) existence of a disability; (3) a connection between the veteran's service and the disability; (4) degree of disability; and (5) effective date of the disability. Upon receipt of an application for "service connection," therefore, the Department of Veterans Affairs (VA) is required to review the information and the evidence presented with the claim and to provide the claimant with notice of what information and evidence not previously provided, if any, will assist in substantiating or is necessary to substantiate the elements of the claim as reasonably contemplated by the application. This includes notice that a disability rating and an effective date for the award of benefits will be assigned if service connection is awarded.

VA issued VCAA notice letters, dated in November 2002 and September 2008, from the agency of original jurisdiction (AOJ) to the appellant. These letters explained the evidence necessary to substantiate the Veteran's claim of entitlement to service connection and an earlier effective date, as well as the legal criteria for entitlement to such benefits. The letter also informed him of his and VA's respective duties for obtaining evidence. In addition, the September 2008 letter from VA explained how a disability rating is determined for a service-connected disorder and the basis for determining an effective date upon the grant of any benefit sought, in compliance with Dingess/Hartman. 

In Pelegrini v. Principi, 18 Vet. App. 112 (2004), the United States Court of Appeals for Veterans Claims held, in part, that VCAA notice, as required by 38 U.S.C.A. § 5103(a), must be provided to a claimant before the initial unfavorable agency of original jurisdiction (AOJ) decision on a claim for VA benefits. In the present case, the unfavorable AOJ decisions that are the basis of this appeal were decided after the issuance of an initial, appropriate VCAA notice. Although the notice elements required by Dingess/Hartman were provided to the appellant after the initial adjudication, the appellant's claims were readjudicated thereafter. As such, the appellant has not been prejudiced and there was no defect with respect to timing of the VCAA notice.

The appellant has been provided with every opportunity to submit evidence and argument in support of her claims and to respond to VA notice. Further, the Board finds that the purpose behind the notice requirement has been satisfied because the appellant has been afforded a meaningful opportunity to participate effectively in the processing of his claim. 

Duty to Assist

With regard to the duty to assist, the claims file contains the Veteran's service treatment records and reports of VA post-service treatment. Additionally, the claims file contains the Veteran's own statements in support of his claim. The Board has carefully reviewed such statements and concludes that she has not identified further evidence not already of record. The Board has also reviewed the medical records for references to additional treatment reports not of record, but has found nothing to suggest that there is any outstanding evidence with respect to the Veteran's claim. 

Based on the foregoing, the Board finds that all relevant facts have been properly and sufficiently developed in this appeal and no further development is required to comply with the duty to assist the Veteran in developing the facts pertinent to his claim. Essentially, all available evidence that could substantiate the claim has been obtained. There is no indication in the file that there are additional relevant records that have not yet been obtained.

Legal Criteria

The statutory and regulatory guidelines for determining the effective date of an award of disability compensation are set forth in 38 U.S.C.A. § 5110 (West 2002) and 38 C.F.R. § 3.400 (2010). Except as otherwise provided, the effective date of an evaluation and an award of compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date the claim was received or the date entitlement arose, whichever is later. See 38 C.F.R. § 3.400. 

The effective date of an award of service connection will be the day following the date of separation from service - if the veteran filed a claim within one year after service. Otherwise, the effective date will be the date of receipt of his claim. 38 U.S.C.A. § 5110(a), (b)(1); 38 C.F.R. § 3.400(b)(2). 

The applicable statutory and regulatory provisions require that VA look to all communications from the veteran that may be interpreted as applications or claims, both formal and informal, for benefits. VA is required to identify and act on informal claims for benefits. See 38 U.S.C.A. § 5102; 38 C.F.R. § 3.1(p), 3.155(a). See also Servello v. Derwinski, 3 Vet. App. 196, 198-200 (1992). An informal claim must identify the benefit sought. See 38 C.F.R. § 3.155(a).

In order for benefits to be paid under the laws administered by the VA, a specific claim in the form prescribed by the Secretary must be filed. See 38 U.S.C.A. § 5101; 38 C.F.R. § 3.151(a). All claims for benefits filed with the VA, formal or informal, must be in writing. See Rodriguez v. West, 189 F.3d 1351 (Fed. Cir. 1999).

Analysis

The Veteran's service in the military ended on June 21, 1972. Unfortunately, he did not file a claim for service connection for PTSD within one year of his discharge from service (i.e., by June 21, 1973). Nevertheless, the Veteran filed a claim for service connection for PTSD in August 2001. Thereafter, in a rating decision dated in September 2002, the RO granted entitlement to service connection for PTSD, and assigned a 70 percent disability evaluation, effective August 6, 2001. 

The Board finds that the effective date of August 1, 2001 for the grant of service connection for PTSD is appropriate. 38 C.F.R. § 3.400(b)(2) (2010). There is no indication the Veteran specifically acted to file a claim for service connection for PTSD prior to August 6, 2001. Indeed, although the Veteran alleges that he likely had undiagnosed PTSD when he filed his initial claim for service connection in June 1972, the Board points out that the Veteran did not provide any evidence of a definitive PTSD diagnosis until receipt of the claim in 2001; the record at the time of the decision in 1972 did not contain a diagnosis of PTSD, nor did the Veteran claim entitlement to service connection for PTSD. 

Likewise, the Board notes that the Veteran has not alleged that he made any attempts to file his claim for PTSD prior to August 6, 2001. As noted above, the file is entirely negative for any written communication from the Veteran indicating that he intended to file claims of entitlement to service connection for PTSD until the Veteran's claim for was received on August 6, 2001. Moreover, the Board points out that PTSD was not shown in the Veteran's service treatment records, nor confirmed by that VA examination prior to that date, and the existence of the claimed disability was a necessary requirement for granting service connection under the law. While the June 2002 statement from his private physician related a two year history of depression and PTSD, the fact remains that there was no evidence of PTSD of record until after he filed his claim in August 2001. As such, there is no basis for an effective date for service connection. See Sabonis v. Brown, 6 Vet. App. 426 (1994). See also 38 C.F.R. § 3.400(b).

Moreover, the Board points out there is no provision for payment of benefits from an earlier date based on a disorder's existence from a date previous to the receipt of the claim, unless the claim is filed within one year of separation from service. See 38 C.F.R. §§ 3.400(b)(2). 

So, for these reasons, the Board finds that there is a preponderance of evidence against the Veteran's claim of entitlement to earlier effective date for service connection of his PTSD. Therefore, his claim must be denied. See Alemany v. Brown, 9 Vet. App. 518, 519 (1996).



ORDER

Entitlement to an effective date prior to August 6, 2001 for the grant of service connection for PTSD is denied.




____________________________________________
V. L. JORDAN
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs