**Newman AKLES, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–390.**

United States Court of Veterans Appeals.

Submitted Nov. 16, 1990.

Decided Jan. 11, 1991.

Edward J. Kowalczyk, was on the brief, for appellant.

Raoul L. Carroll, Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Deborah Duckett, were on the brief, for appellee.

Before FARLEY, MANKIN and HOLDAWAY, Associate Judges.

FARLEY, Associate Judge:

This appeal involves two statutory duties imposed upon the Secretary of Veterans Affairs: the duty to "assist ... a claimant in developing the facts pertinent to the claim" (38 U.S.C. § 3007(a)) and the duty to "distribute full information to eligible veterans ... regarding all benefits and services to which they may be entitled" (38 U.S.C. § 241(2)). The appellant contracted mumps while in service which resulted in the atrophy of the left testicle. His reopened claim for an increase in service-connected benefits to a compensable rating for testicular atrophy was denied due to a lack of clinical evidence. This denial was without the benefit of a physical examination which might have assisted a determination as to the veteran's eligibility for benefits. Because we find that the Secretary fulfilled neither his duty to assist nor his duty to distribute full information, we remand this case so that the proper clinical evidence can be gathered through a VA physical examination and a determination made as to whether the veteran is entitled to special monthly compensation pursuant to 38 U.S.C. § 314(k).

I.

The veteran, Newman Akles, served on active duty from December 18, 1942, to

May 29, 1943, and from January 9, 1952, to July 25, 1954. It is agreed that while on his last tour of duty the veteran "contracted mumps accompanied by orchitis with resultant atrophy of the left testicle, for which service connection was established at a noncompensable rate under 38 C.F.R. § 4.115(a) (1989)." Br. of Appellant at 2; *see also* Br. of Appellee at 2.

On February 9, 1989, the veteran reopened a claim for benefits based upon increased testicular pain and complete atrophy of the left testicle. On February 24, 1989, the Regional Office (RO) denied the veteran an increased disability rating due to the absence of clinical evidence establishing a compensable condition. The rating board noted that the "last evidence received subsequent to the rating action" was derived from a medical examination of February 5, 1985. R. at 3–5. This 1985 Veterans' Administration (VA) examination notes the veteran's testicular condition: "Is 0% for [left] testicular atrophy.... Generally it has been swollen and painful." R. at 4. No further examination was scheduled and no additional evidence was sought by the RO before the claim was denied. On March 6, 1989, a Notice of Disagreement was filed on behalf of the veteran by his wife. R. at 15.

In his appeal to the Board of Veterans' Appeals (BVA), the veteran raised a number of additional issues unrelated to his claim for benefits for testicular pain, tenderness and atrophy. In its January 3, 1990, decision, the BVA referred the unrelated issues back to the RO because they had been presented for the first time on appeal and were not ripe for BVA review. *Newman Akles,* loc. no. 000601, at 2 (BVA Jan. 3, 1990). With regard to the claim for left testicular disability, the BVA affirmed the decision of the RO and "den[ied] the claim on the basis of insufficient evidence." *Newman Akles,* loc. no. 000601, at 3 (BVA Jan. 3, 1990). A timely appeal to this Court followed.

## II.

The veteran in his appeal to this Court argues that the Secretary has failed in his duty to assist under 38 U.S.C. § 3007(a) (1988) by not scheduling a physical examination and failed to fulfill the requirement of 38 U.S.C. § 241(2) (1988) that the veteran be informed of all possible benefits to which he may be entitled. While the veteran does not, and apparently cannot, meet the criteria to receive compensation for atrophy of one testicle, the veteran may be eligible for special monthly compensation pursuant to 38 U.S.C. § 314(k) (1988). However, the veteran's eligibility for special monthly compensation was never considered by the Veterans' Administration, or its successor, the Department of Veterans Affairs (VA).

## A.

Pursuant to 38 C.F.R. § 4.115(a), Diagnostic Code 7523 (1989), the complete atrophy of one testicle would result in a 0% rating. If both testicles are completely atrophied, a 20% rating would be awarded. Under Diagnostic Code 7524 (1989) of the same regulation, a disability rating of 10% would be awarded in the event one testicle is removed. However, this is not the only way in which a veteran suffering from a condition involving a creative organ could receive compensation.

Any veteran with a service-connected disability involving a creative organ may be entitled to special monthly compensation. 38 U.S.C. § 314(k). Section 314(k) provides: "[I]f the veteran, as the result of service-connected disability, has suffered the anatomical loss or loss of use of one or more creative organs" he is entitled to a special monthly compensation. The requirements for special monthly compensation are set out in 38 C.F.R. § 3.350 (1989), which provides:

> The rates of special monthly compensation stated in this section are those provided under 38 U.S.C. 314.
>
> (a) *Ratings under 38 U.S.C. 314(k).* Special monthly compensation under 38 U.S.C. & 314(k) is payable for each anatomical loss or loss of use of ... one or more creative organs....
>
> (1) *Creative organ.* (i) Loss of a creative organ will be shown by acquired

absence of one or both testicles (other than undescended testicles) or ovaries or other creative organ. Loss of use of one testicle will be established when examination by a board finds that:

(a) The diameters of the affected testicle are reduced to one-third of the corresponding diameters of the paired normal testicle, or

(b) The diameters of the affected testicle are reduced to one-half or less of the corresponding normal testicle and there is alteration of consistency so that the affected testicle is considerably harder or softer than the corresponding normal testicle; or

(c) If neither of the conditions (a) or (b) is met, when a biopsy, recommended by a board including a genitourologist and accepted by the veteran, establishes the absence of spermatozoa.

38 C.F.R. § 3.350(a)(1)(i).

In an examination conducted in 1985 by the VA, it was noted by the examining VA physician that the veteran was experiencing pain in the left testicle and that it was atrophied. The examining physician wrote in the examination report that the veteran's left testicle has "[g]enerally ... been swollen and painful." R. at 4. In 1985, four years before the reopening of the veteran's claim, there was clinical evidence that the veteran was experiencing swelling in the affected testicle. However, this limited notation is insufficient to determine whether or not the veteran met the specific criteria of § 3.350(a)(1). In the discussion and evaluation of the veteran's claim, the BVA stated:

While it is contended that the veteran has pain, tenderness and complete atrophy of the left testicle, more than this is not clinically confirmed to be present. None of the evidence received in conjunction with this claim includes any clinically confirmed sign or symptom of any left testicular abnormality. Even if there were complete left testicular atrophy, a compensable disability evaluation would not be assignable. Therefore, we have no recourse but to deny the claim on the basis of insufficient evidence of a left testicular disability which could be compensable under the applicable rating standards.

*Newman Akles,* loc. no. 000601, at 3 (BVA Jan. 3, 1990).

The VA could determine whether or not the veteran met the criteria to receive special monthly compensation only by conducting a physical examination. Although the BVA recognized the absence of clinical data in the veteran's case file, it failed to order an examination. Such a request is within the BVA's powers. 38 C.F.R. § 19.182 (1989).

### B.

The Secretary has a duty to assist where a person who submits a claim for benefits under a law administered by the Department of Veterans Affairs ... submit[s] evidence sufficient to justify a belief by a fair and impartial individual that the claim is well grounded. The Secretary shall assist such a claimant in developing the facts pertinent to the claim. 38 U.S.C. § 3007(a).

Here, the veteran was already service-connected for the condition and alleged increasing pain and tenderness which was noted in the last VA examination in 1985; yet no physical examination was performed once the claim was reopened to determine whether the veteran was entitled to a compensable rating. *See Murphy v. Derwinski,* 1 Vet.App. 78 (1990); *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990).

### III.

Although the veteran's condition may be noncompensable under the diagnostic codes of 38 C.F.R. § 4.115, the issue of whether the veteran is eligible for special monthly compensation under 38 U.S.C. § 314(k) was unresolved by the VA at the RO level and at the BVA. In the brief to this Court, the Secretary argues that the question of entitlement to special monthly compensation under 38 U.S.C. § 314(k) was not raised below and that "this Court should summarily reject this new issue." Br. of Appellee at 10. We disagree; this argument com-

pletely ignores the non-adversarial nature of the proceedings below and the concomitant duty to assist that statute and regulation impose upon the Secretary.

■ There is no requirement in the law that a veteran must specify with precision the statutory provisions or the corresponding regulations under which he is seeking benefits. Section 241(2) places the burden on the Secretary to "distribute full information to eligible veterans ... regarding all benefits and services to which they may be entitled under laws administered by the Department of Veterans Affairs." 38 U.S.C. § 241(2). The Secretary's obligation to ensure that each veteran is informed of all benefits to which he is entitled is in keeping with the essence of the VA system, which allows veterans to pursue their claims in a non-adversarial setting. Moreover, as noted above, the Secretary has an additional statutory duty to assist claimants "in developing the facts pertinent to the claim." 38 U.S.C. § 3007(a). To require that veterans enumerate which sections they found applicable to their request for benefits would change the atmosphere in which claims are adjudicated. Veterans would be required to develop expertise in laws and regulations on veterans benefits before receiving any compensation. Such a fundamental change would have to be instituted by the Legislative Branch; it would be beyond the charter of the Department or this Court to accomplish unilaterally.

Here, the failure by the VA to consider the veteran for special monthly compensation is even more grievous because VA policy specifically provides for the consideration of special monthly compensation where it may be applicable and the veteran does not place his eligibility at issue. The Adjudication Procedures Manual, M21–1, which contains the VA's policy and procedures for the adjudication of claims, provides for the consideration of special monthly compensation as an "inferred issue." Paragraph 46.08(a) of the M21–1 manual provides: "INFERRED ISSUES ... Even though not specifically placed at issue by the claimant, the ratings boards will reflect consideration of the following ancillary benefits in their decision: a. Special Monthly Compensation."

■ The veteran, through his wife, filed a claim for increased benefits, enumerated his medical complaints, and included personal statements from his doctor and his acquaintances relating to his increased inability to support himself and his wife due to his growing medical problems. R. at 11–12. These statements did not request specific consideration of *any* law or regulation under which he believed he was eligible for benefits; nor were such references required. Despite the absence of any enumeration of any law or regulation upon which he was seeking specific relief, the veteran's claim was adjudicated by the VA through to the BVA level. Following the VA's own policy, and in keeping with statutory mandates, the RO should have inferred from the veteran's request for an increase in benefits involving a creative organ a request for special monthly compensation whether or not it was placed in issue by the veteran.

### CONCLUSION

The case is remanded to enable the Secretary to fulfill the mandates of 38 U.S.C. §§ 241(2) and 3007(a), to gather clinical evidence through a physical examination and to determine whether the veteran's condition meets the criteria for special monthly compensation under 38 U.S.C. § 314(k).

*It is so Ordered.*