Herchel THOMAS, Appellant,

v.

Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.

No. 91–1094.

United States Court of Veterans Appeals.

March 17, 1992.

Before IVERS, Associate Judge.

MEMORANDUM DECISION

IVERS, Associate Judge:

Appellant, Herchel Thomas, appeals from a February 1, 1991, decision of the Board of Veterans' Appeals (BVA or Board). In that decision, the Board denied an increased rating for appellant's service-connected left varicocele and denied service connection for residuals of injury to the left hand, right leg, thoracic spine, head, lower back, left leg and hip, left ear, left eye, right arm, shoulder, and elbow; for essential hypertension, bilateral peripheral neuropathy of the lower extremities, a scar of the left hip, lumbar stenosis with radiculopathy, and a right pterygium. Appellant, proceeding *pro se*, argues on appeal to this Court that the Board's decision was clearly erroneous. The Secretary of Veterans Affairs (Secretary) filed a motion for partial

remand regarding appellant's left varicocele claim and for summary affirmance regarding appellant's other claims. The Court has jurisdiction of the case under 38 U.S.C. § 7252(a) (formerly § 4052(a)).

The Secretary argues in his motion for remand that although appellant's left varicocele is non compensable under 38 C.F.R. § 4.115a, Diagnostic Code 7523, appellant may be entitled to special monthly compensation under 38 U.S.C. § 1114(k) (formerly § 314(k)). The Department of Veterans Affairs (VA) has a duty to consider whether appellant is eligible for special monthly compensation when he is service-connected for a creative organ. *See Akles v. Derwinski,* 1 Vet.App. 118, 119–120 (1991). Neither the rating board nor the BVA has evaluated appellant's condition under section 1114(k).

With respect to the Secretary's motion for summary affirmance as to appellant's claim for service connection for residuals of injury to the left hand, right leg, thoracic spine, head, lower back, left leg and hip, left ear, left eye, right arm, shoulder, and elbow; for essential hypertension, bilateral peripheral neuropathy of the lower extremities, a scar of the left hip, lumbar stenosis with radiculopathy, and a right pterygium, appellant has not demonstrated that the BVA committed either factual or legal error which would warrant reversal or remand. The Court is also satisfied that the BVA opinion, with regard to the above-mentioned disorders, satisfies the "reasons or bases" requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004(d)(1)). *See Gilbert v. Derwinski,* 1 Vet.App. 49, 53 (1991). It is further held that summary disposition of that claim is appropriate. *See Frankel v. Derwinski,* 1 Vet.App. 23 (1990).

Upon consideration of the foregoing, the Secretary's motion for remand as to appellant's left varicocele claim, is GRANTED with instructions for the BVA to evaluate his left varicocele under section 1114(k). With respect to appellant's other claims for service connection, the Secretary's motion for summary affirmance is GRANTED and that portion of the BVA decision is summarily AFFIRMED.