Luther D. McGRATH, Appellant,

v.

Jesse BROWN, Secretary of Veterans
Affairs, Appellee.

No. 90–1374.

United States Court of Veterans Appeals.

April 28, 1993.

As Amended June 8, 1993.

Luther D. McGrath, pro se.

James A. Endicott, Jr., Gen. Counsel, David T. Landers, Acting Asst. Gen. Counsel, Pamela L. Wood, Deputy Asst. Gen. Counsel, and Craig M. Kabatchnick, were on the pleadings, for appellee.

Before KRAMER, MANKIN and IVERS, Associate Judges.

MANKIN, Associate Judge:

Luther D. McGrath appeals the July 26, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to an increased rating for a right knee disorder, currently evaluated as 30% disabling, and granted service connection for a right ankle disorder. The Secretary of Veterans Affairs filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991).

### I. Background

Mr. McGrath served in the United States Marine Corps from November 1953 to November 1956. The veteran injured his right knee in service, and in March 1956 his right medial meniscus was removed (crescent-shaped fibrocartilage in the middle of the right knee; *see* WEBSTER'S MEDICAL DESK DICTIONARY, 422 (1986)). In 1957, the veteran initiated a claim for service connection for a right knee disorder, but his claim was denied when he failed to report for a medical examination.

The veteran reopened his claim in September 1981 and submitted a medical report from Dr. Bugni. Dr. Bugni found mild medial instability and arthritis of the right knee, and opined that the veteran's condition is a result of his injury and sur-

gery while in the service. In November 1981 the veteran underwent a Veterans' Administration (now Department of Veterans Affairs) (VA) examination which found poor lateral stability of the knee. X-rays revealed mild degenerative arthritis consistent with the veteran's previous surgery. The VA Regional Office (RO) granted service connection for the knee disorder and assigned a 20% disability rating.

In February 1982, the veteran submitted additional private medical records from Dr. Bugni and Dr. Pietz, and claimed disability to the left knee, caused by the service-connected right knee disability, and back disorder. A March 1982 rating decision denied service connection for the left knee and back and denied an increased rating for the right knee. A VA examination was performed in November 1982 by Dr. Ewing, who found that the veteran had "persistent pain" in his right knee. The BVA twice denied the veteran's claims for service connection for the left knee and back and an increased disability rating.

In December 1988, the veteran requested an increased rating for the right knee, reopened his claim for service connection for the left knee, and initiated claims for service connection for the right ankle and right leg. The veteran submitted a 1983 statement from Dr. Hamilton who opined that the veteran would not be able to return to his prior occupation of carpentry because of his knee disability. Dr. Hamilton reevaluated Mr. McGrath's condition in 1989 and found that the veteran suffered a "quite painful" right knee, as well as pain in the right ankle and right foot, secondary to the right knee pain. Dr. Hamilton opined that the veteran is incapable of work that is not completely sedentary.

The RO denied all claims in its April 19, 1989, rating decision. The RO stated that the lower leg problem is included in the evaluation for the knee condition. The veteran filed a Notice of Disagreement and Substantive Appeal (VA Form 1–9). He also submitted a decision from the Social Security Administration (SSA) Administrative Law Judge, which indicated that the veteran had not engaged in substantial gainful activity since June 27, 1988, and awarded the veteran disability benefits.

The veteran appeared before the RO in a hearing in July 1989. He testified that his ankle has bone spurs, but no effusion or muscle spasms. He also stated that he has chronic pain in the right ankle, foot, and knee. On August 31, 1989, the RO increased the knee rating to 30%, and denied service connection for the right ankle. The BVA, in a July 26, 1990, decision, concluded that under the applicable diagnostic codes, the maximum rating for the right knee disorder was 30%, and thus affirmed the lower decision as to the knee disorder. The Board granted service connection for the right ankle disorder, but did not award a rating.

## II. Analysis

■ This case involves a question of appropriate selection of diagnostic codes under the VA schedule of ratings. The schedular rating criteria are set forth at title 38 of the Code of Federal Regulations. A determination of whether the appropriate diagnostic code was selected is a question of law. The Court reviews questions of law on a de novo basis, and does not give deference to the BVA's findings on such questions. *See* 38 U.S.C.A. § 7261 (West 1991); *Colvin v. Derwinski,* 1 Vet.App. 171, 174 (1991). Conclusions of law may be set aside when "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 38 U.S.C.A. § 7261(a)(3)(A); *Young v. Brown,* 4 Vet. App. 106, 108 (1993).

The BVA evaluated the veteran's right knee disability pursuant to the rating criteria in 38 C.F.R. § 4.71a, Diagnostic Code (DC) 5257 (1991). Evaluation under this diagnostic code requires "Recurrent subluxation or lateral instability" of the knee. 38 C.F.R. § 4.71(a), DC 5257. The veteran underwent surgery in service to remove the right medial meniscus. As a result of this disability, the veteran wears a brace to control the instability of his knee. In June 1989, Dr. Hamilton found that upon walking without a brace, the veteran's right knee had "moderately severe instability with lateral thrust." Based on the medical

evidence in the record, we hold that the selection of DC 5257 is not "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 38 U.S.C.A. § 7261(a)(3)(A).

 The veteran contends that he is entitled to an increased rating for his right knee disability, currently evaluated as 30% disabling under DC 5257. A determination as to the level of disability is a question of fact. *See Hillyard v. Derwinski,* 1 Vet. App. 349, 352 (1991). The Court must affirm factual findings of the BVA unless they are found to be "clearly erroneous." 38 U.S.C.A. § 7261(a)(4) (West 1991); *see Lovelace v. Derwinski,* 1 Vet.App. 73 (1990); *Gilbert v. Derwinski,* 1 Vet.App. 49, 52–53 (1990). The maximum rating assignable under DC 5257 is 30%, for a severe finding of recurrent subluxation or lateral instability. The veteran is currently receiving the highest rating under this diagnostic code. Therefore, the BVA's denial of an increased rating for the veteran's right knee disability is not clearly erroneous.

 The veteran has also raised a claim for a total rating based on individual unemployability, but the BVA failed to address this claim. The BVA cannot ignore or reject a claim merely because the veteran did not expressly raise the appropriate legal provision for the benefit sought. *Akles v. Derwinski,* 1 Vet.App. 118 (1991). The veteran claimed that the SSA found him to be unemployable, and submitted SSA records as evidence in support of his claim. The Court remands the matter for the Board to address the veteran's claim for individual unemployability. The Board shall consider the SSA records and provide reasons or bases for its findings and conclusions in compliance with 38 U.S.C.A. § 7104(d) (West 1991). *See Gilbert,* 1 Vet.App. at 57.

 Additionally, the veteran's pain was not adequately addressed by the BVA. In determining the veteran's claim for individual unemployability, the BVA shall address the applicability of 38 C.F.R. § 4.40 (1992). *See Moyer v. Derwinski,* 2 Vet.App. 289, 294 (1992) (remanded in part for the Board to address the veteran's unemployability in light of the pain he suffers); *Ferraro v. Derwinski,* 1 Vet.App. 326, 330 (1991) (the VA has a duty to determine functional loss which includes evaluating the veteran's pain). The Board failed to consider this regulation which the Court deems necessary to determining a disability rating involving the musculoskeletal system. *See Ferraro, supra.*

Finally, we note that the issue of a right ankle disorder is not before the Court, as the benefit sought, service connection, was granted by the BVA decision. The Court further notes that the Board did not grant a disability rating; we assume that the BVA expects the RO to assign such a rating since the Board granted service connection.

### III. Conclusion

Accordingly, the Court AFFIRMS that portion of the BVA decision which denied an increased rating for a right knee disorder, and REMANDS the rest of the matter for proceedings consistent with this opinion.