Citation Nr: 1725276 
Decision Date: 06/29/17 Archive Date: 07/18/17

DOCKET NO. 07-18 18 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Philadelphia, Pennsylvania


THE ISSUES

1. Entitlement to a disability rating in excess of 40 percent for intervertebral disc disease, status post laminectomy at L4-5 with bilateral foraminomoties at L4-5 and L5-S1 with radiculopathy, left lower extremity.

2. Entitlement to an initial disability rating in excess of 10 percent, and in excess of 20 percent from April 5, 2015 for lumbar radiculopathy of the right lower extremity.


WITNESS AT HEARING ON APPEAL

The Veteran


ATTORNEY FOR THE BOARD

E. Duthely, Associate Counsel

INTRODUCTION

The Veteran served on active duty from September 1985 to September 1986.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from October 2006 and September 2015 rating decisions of the Department of Veterans Affairs (VA) Regional Office (RO) in Philadelphia, Pennsylvania.

In January 2010, the Veteran testified at a hearing before the undersigned Veterans Law Judge. During the hearing, the undersigned engaged in a colloquy with the Veteran toward substantiation of the claim. See Bryant v. Shinseki, 23 Vet. App. 488, 496-97 (2010). A transcript of the Board hearing is included in the electronic claims file.

The electronic record indicates that the AOJ is taking action on the issue of entitlement to service connection for a cervical spine disorder, to include as secondary to service-connected intervertebral disc disease. Although the matter is therefore within the Board's jurisdiction, it has not been certified for appellate review and the Board will not undertake review of the matter at this time. If the matter is not resolved in the Veteran's favor, the RO will certify the matter to the Board which will undertake appellate review of the RO's action. Manlincon v. West, 12 Vet. App. 238 (1999) (holding that the Board's jurisdiction is triggered by the timely filing of a notice of disagreement); 38 C.F.R. § 19.35 (stating that certification is for administrative purposes only and does not confer or deprive the Board of jurisdiction over an issue). 


FINDINGS OF FACT

1. Throughout the appeal period, the Veteran's intervertebral disc disease was manifested by subjective complaints of pain, but objectively, no evidence of ankylosis of the thoracolumbar spine or incapacitating episodes having a total duration of at least 6 weeks during the past 12 months.

2. From the period prior to April 4, 2015, the Veteran's right lower extremity radiculopathy presented with moderate symptoms of incomplete paralysis.

3. From the period beginning April 5, 2015, the Veteran's right lower extremity radiculopathy presented with severe symptoms of incomplete paralysis.


CONCLUSIONS OF LAW

1. The criteria for a disability rating in excess of 40 percent for intervertebral disc disease, status post laminectomy at L4-5 with bilateral foraminomoties at L4-5 and L5-S1 with radiculopathy, left lower extremity have not been met. 38 U.S.C.A. 
§§ 1155, 5103, 5103A, 5107 (West 2014); 38 C.F.R. §§ 3.159, 4.1 - 4.14, 4.71a, Diagnostic Code (DC) 5243 (2016).

2. Resolving all reasonable doubt in favor of the Veteran, the criteria for an initial disability rating of 20 percent, but no higher, for service-connected lumbar radiculopathy of the right lower extremity have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2016); 38 C.F.R. §§ 4.1, 4.7, 4.124a, Code 8620 (2016).

3. Resolving all reasonable doubt in favor of the Veteran, for the period from April 5, 2015, the criteria for a disability rating of 30 percent, but no higher, for service-connected lumbar radiculopathy of the right lower extremity have been met. 38 U.S.C.A. §§ 1155, 5107 (West 2016); 38 C.F.R. §§ 4.1, 4.7, 4.124a, Code 8620 (2016).


REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

Duties to Notify and Assist

VA has satisfied its duties under the Veteran's Claims Assistance Act of 2000 to notify and assist. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2016). 
VA's duty to notify was satisfied by a March 2012 letter. See 38 U.S.C.A. §§ 5102, 5103, 5103A; 38 C.F.R. § 3.159; see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015).

VA's duty to assist includes helping claimants to obtain service treatment records and other pertinent records. See 38 U.S.C.A. § 5103A; 38 C.F.R. § 3.159(c). The claims file contains the Veteran's service treatment and personnel records, and VA medical records. The Veteran has not identified any outstanding records needing to be obtained. The duty to obtain relevant records is satisfied. See 38 C.F.R. § 3.159(c).

VA's duty to assist also includes providing a medical examination and/or obtaining a medical opinion when necessary to make a decision on the claim. See 38 U.S.C.A. § 5103A; 38 C.F.R. §§ 3.159(c)(4), 3.326(a); see also McLendon v. Nicholson, 20 Vet. App. 79, 83 (2006). The VA examination and/or opinion must be adequate to decide the claim. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). The April 2015 VA examiner performed an in-person examination and provided clear explanations in support of the opinions and findings. See Monzingo v. Shinseki, 26 Vet. App. 97, 107 (2012) (holding that "examination reports are adequate when, as a whole, they sufficiently inform the Board of a medical expert's judgment on a medical question and the essential rationale for that opinion"). The VA examination and medical opinions are adequate to decide the Veteran's claim. 

The claim was remanded in January 2011 in order to retrieve the Veteran's most recent treatment records, and to provide the Veteran with VA examinations to determine the current severity of his intervertebral disc disease and lumbar radiculopathy of the right lower extremity. The Veteran's records were retrieved and the Veteran was afforded an in-person examination in April 2015. Therefore, there is substantial compliance with the Board's remand directives. See Stegall v. West, 11 Vet. App. 268 (1998). 





VA has satisfied its duties to notify and assist. The Board may proceed with appellate review. 

Increased Ratings 

Disability ratings are determined by evaluating the extent to which a veteran's service-connected disability adversely affects his ability to function under the ordinary conditions of daily life, including employment, by comparing the symptomatology with the criteria set forth in the Schedule for Rating Disabilities (Rating Schedule). 38 U.S.C.A. § 1155; 38 C.F.R. §§ 4.1, 4.2, 4.10. 

When a question arises as to which of two ratings apply under a particular diagnostic code, the higher evaluation is assigned if the disability more closely approximates the criteria for the higher rating. 38 C.F.R. § 4.7. After careful consideration of the evidence, any reasonable doubt remaining is resolved in favor of the veteran. 38 C.F.R. § 4.3.

Increased Rating for Service-Connected Intervertebral Disc Disease 

The RO rated the Veteran's service-connected intervertebral disc disease as 40 percent disabling under Diagnostic Code (DC) 5243. All spinal disabilities are evaluated under the General Rating Formula for Diseases and Injuries of the Spine. Intervertebral disc syndrome (preoperatively or postoperatively) is to be evaluated either under the General Rating Formula for Diseases and Injuries of the Spine or under the Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes (DC 5243), whichever method results in the higher evaluation.

Under the General Rating Formula for Diseases and Injuries of the Spine, a 10 percent rating is warranted when the forward flexion of the thoracolumbar spine is greater than 60 degrees but not greater than 85 degrees; or, the combined range of motion of the thoracolumbar spine is greater than 120 degrees but not greater than 235 degrees; or, muscle spasm, guarding, or localized tenderness not resulting in abnormal gait or abnormal spinal contour; or, vertebral body fracture with loss of 50 percent or more of the height. A 20 percent rating is warranted when the forward flexion of the thoracolumbar spine is greater than 30 degrees but not greater than 60 degrees; or, the combined range of motion of the thoracolumbar spine is not greater than 120 degrees; or, there is muscle spasm or guarding severe enough to result in an abnormal gait or abnormal spinal contour such as scoliosis, reversed lordosis, or abnormal kyphosis. The criteria for a 30 percent rating pertain only to the cervical spine and are therefore not applicable in this case. A 40 percent rating is warranted when forward flexion of the thoracolumbar spine is 30 degrees or less; or, there is favorable ankylosis of the entire thoracolumbar spine. A 50 percent rating is assigned for unfavorable ankylosis of the entire thoracolumbar spine. A 100 percent rating is assigned for unfavorable ankylosis of entire spine. 38 C.F.R. § 4.71a. 

The Formula for Rating Intervertebral Disc Syndrome (IVDS) Based on Incapacitating Episodes provides a 60 percent rating for incapacitating episodes having a total duration of at least 6 weeks during the past 12 months. A 40 percent rating is warranted for incapacitating episodes having a total duration of least 4 weeks but less than 6 weeks during the past 12 months. A 20 percent rating is warranted for incapacitating episodes having a total duration of at least 2 weeks but less than 4 weeks during the past 12 months. A 10 percent rating is warranted for incapacitating episodes having a total duration of at least one week but less than 2 weeks during the past 12 months. 38 C.F.R. § 4.71a, DC 5243 (2015). An incapacitating episode is defined as a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician. Id.at Note (1) (2015).

For VA compensation purposes, normal forward flexion of the thoracolumbar spine is zero to 90 degrees, extension is zero to 30 degrees, left and right lateral flexion are zero to 30 degrees, and left and right lateral rotation are zero to 30 degrees. The normal combined range of motion of the thoracolumbar spine is 240 degrees. The combined range of motion refers to the sum of the range of forward flexion, extension, left and right lateral flexion, and left and right rotation. The normal ranges of motion for each component of spinal motion provided in this note are the maximum that can be used for calculation of the combined range of motion. Id. 
When evaluating joint disabilities rated on the basis of limitation of motion, VA must consider granting a higher rating in cases in which functional loss due to pain, weakness, excess fatigability, or incoordination is demonstrated, and those factors are not contemplated in the relevant rating criteria. See 38 C.F.R. §§ 4.40, 4.45, 4.59 (2015); DeLuca v. Brown, 8 Vet. App. 202 (1995). Recently, the Court clarified that although pain may be a cause or manifestation of functional loss, limitation of motion due to pain is not necessarily rated at the same level as functional loss where motion is impeded. See Mitchell v. Shinseki, 25 Vet. App. 32 (2011). 

Instead, the Court in Mitchell explained that pursuant to 38 C.F.R. §§ 4.40 and 4.45, the possible manifestations of functional loss include decreased or abnormal excursion, strength, speed, coordination, or endurance, as well as less or more movement than is normal, weakened movement, excess fatigability, and pain on movement (as well as swelling, deformity, and atrophy) that affects stability, standing, and weight-bearing. See 38 C.F.R. §§ 4.40, 4.45 (2015). Thus, functional loss caused by pain must be rated at the same level as if the functional loss were caused by any of the other factors cited above. Thus, in evaluating the severity of a joint disability, VA must determine the overall functional impairment due to these factors.

Upon VA examination in April 2015, the Veteran's range of motion testing reflected forward flexion to 20 degrees, extension to 15 degrees, right lateral flexion to 30 degrees, left lateral flexion to 30 degrees, right rotation to 30 degrees, and left rotation to 30 degrees. The examiner noted increasing pain with the Range of Motion exercise, pain noted with rest/non-movement, and pain with weight bearing. Range of motion testing after three repetitions reflected forward flexion to 20 degrees, extension to 10 degrees, right lateral flexion to 25 degrees, left lateral flexion to 25 degrees, right rotation to 25 degrees, and left rotation to 25 degrees. The examiner noted guarding and muscle spasms resulting in abnormal gait or spinal contour. The examiner noted there was no ankylosis of the spine, and episodes requiring bed rest having a total duration of at least two weeks but less than four weeks during the prior 12 months. 

In his January 2010 hearing testimony, the Veteran asserted that his intervertebral disc disease caused approximately 12 incapacitating episodes a year, lasting between 1 and three days to a full week. However, there is no evidence of record corroborating that a physician prescribed bed rest this frequently. The Veteran himself noted that he did not visit a physician during these episodes. The Veteran is competent to report symptoms that he perceives through his own senses. See Layno, 6 Vet. App. 465, 469. However, an incapacitating episode is specifically defined by VA regulations as a period of acute signs and symptoms due to intervertebral disc syndrome that requires bed rest prescribed by a physician and treatment by a physician. 38 C.F.R. § 4.71a, Formula for Rating Intervertebral Disc Syndrome Based on Incapacitating Episodes, Note (1). The Veteran is not competent to determine whether he had an incapacitating episode, and the record reflects the Veteran experienced episodes requiring bed rest having a total duration of at least two weeks but less than four weeks during the prior 12 months.

Thus, absent objective evidence that the Veteran's symptoms more nearly approximated unfavorable ankylosis of the entire thoracolumbar spine or incapacitating episodes having a total duration of at least 6 weeks in the past 12 months, a higher disability rating cannot be assigned under any potentially applicable diagnostic code. 38 C.F.R. § 4.71a.

The preponderance of the evidence is against the Veteran's claim. The benefit-of-the-doubt rule does not apply and a disability rating in excess of 40 percent for the Veteran's intervertebral disc disease is denied. See 38 U.S.C.A. § 5107 (b); 38 C.F.R. §§ 3.102; 4.3 (2016); Gilbert, 1 Vet. App. at 55.

Increased Rating for Service-Connected Lumbar Radiculopathy of the Right Lower Extremity

The RO initially rated the Veteran's service-connected right lower extremity radiculopathy as 10 percent disabling. The RO increased the Veteran's rating to 20 percent disabling effective April 5, 2015. 

Upon VA examination in August 2006, the VA examiner classified the Veteran's lumbar radiculopathy on the right side as moderate. Based on these symptoms approximating those supporting a 20 percent rating, the Board will grant the benefit based on the benefit-of-the-doubt doctrine. A higher evaluation of 30 percent is not warranted, as the evidence does not show that the Veteran's right lower extremity radiculopathy presented with severe symptoms.
Upon VA examination in April 2015, the VA examiner noted the Veteran experienced severe constant pain in the right lower extremity. The examiner further noted that the Veteran's numbness and paresthesias and/or dysesthesias were severe. 

Based on these symptoms approximating those supporting a 30 percent rating, the Board will grant the benefit based on the benefit-of-the-doubt doctrine. 

A higher evaluation of 40 percent is not warranted, as the evidence does not show that the Veteran's right lower extremity radiculopathy presented with complete paralysis.

The Board has considered whether entitlement to any Special Monthly Compensation (SMC) benefits is warranted for the Veteran's disability picture; however, it determines that entitlements to any additional SMCs are not warranted for this case. 38 U.S.C.A. § 1114 (West 2014); 38 C.F.R. § 3.350 (2016); Akles v. Derwinski, 1 Vet. App. 118 (1991); Bradley v. Peake, 22 Vet. App. 280 (2008); Buie v. Shinseki, 24 Vet. App. 242 (2011).

(CONTINUED ON NEXT PAGE)








ORDER

A disability rating in excess of 40 percent for intervertebral disc disease is denied.

A disability rating of 20 percent, but no higher, for right lower extremity radiculopathy from June 13, 2006 to April 4, 2015 is granted. 

A disability rating of 30 percent, but no higher, for right lower extremity radiculopathy from April 5, 2015 is granted. 



____________________________________________
VITO A. CLEMENTI
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs