Citation Nr: 1829630 
Decision Date: 06/25/18 Archive Date: 07/02/18

DOCKET NO. 11-33 498 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in San Juan, the Commonwealth of Puerto Rico


THE ISSUE

Entitlement to special monthly compensation (SMC) based upon the need for regular aid and attendance of another person or at the housebound rate.


REPRESENTATION

Appellant represented by: Kathy A. Lieberman, Attorney at Law


ATTORNEY FOR THE BOARD

K. L. Wallin, Counsel





INTRODUCTION

The Veteran had service from September 2002 to February 2003. 

This matter comes before the Board of Veterans' Appeals (BVA or Board) on appeal from the Department of Veterans Affairs (VA) Regional Office (RO), in San Juan, Commonwealth of Puerto Rico.

In August 2016, the Board found the issue of SMC was an inferable issue as the Veteran was requesting increased benefits. Akles v. Derwinski, 1 Vet. App. 118 (1991); Rice v. Shinseki, 22 Vet. App. 447 (2009). The matter was remanded for proper notice and development. Having completed the requested notice and development, the matter has been returned to the Board for appellate disposition. 

In February 2018, the Board remanded the issues of entitlement to an initial rating in excess of 10 percent for service-connected right wrist disability and an initial compensable rating for bilateral hearing loss for further development and adjudication. The matters are still pending before the agency of original jurisdiction (AOJ) and have not been recertified to the Board. 


FINDINGS OF FACT

Affording the Veteran the benefit the doubt, the Veteran's service connected disabilities render him so helpless as to require the regular aid and attendance of another person to perform activities of daily living, such as bathing, grooming, feeding, dressing, and undressing. 


CONCLUSION OF LAW

The criteria for the assignment of SMC based on the need for regular aid and attendance of another are met. 38 U.S.C. §§ 1114(l), 1114(s) (2012); 38 C.F.R. §§ 3.350(b), 3.350(i), 3.352(a) (2017).

REASONS AND BASES FOR FINDINGS AND CONCLUSION

There is no need to discuss whether VA has met all statutory and regulatory notice and duty to assist provisions as the benefits sought are being granted and/or remanded pending adjudication of intertwined claims. See 38 U.S.C. §§ 5100, 5102, 5103, 5103A, 5106, 5107, 5126 (2012); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326 (2017); see also Scott v. McDonald, 789 F.3d 1375 (Fed. Cir. 2015). 

SMC is payable to a Veteran for anatomical loss or loss of use of both feet, one hand and one foot, blindness in both eyes with visual acuity of 5/200 or less, or being permanently bedridden or so helpless as a result of service- connected disability that he or she is in need of the regular aid and attendance of another person. 38 U.S.C. § 1114(l) (2012); 38 C.F.R. § 3.350(b) (2017).

Factors considered to determine whether regular aid and attendance is needed include: inability to dress or undress himself, or to keep himself ordinarily clean and presentable; frequent need to adjust special prosthetic or orthopedic appliances which by reason of the particular disability requires aid (this does not include adjustment of appliances that persons without any such disability would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability to feed himself through loss of coordination of upper extremities or through extreme weakness; inability to attend to wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect a claimant from the hazards or dangers incident to his daily environment. 38 C.F.R. § 3.352(a).

It is not required that all of the disabling conditions enumerated in 38 C.F.R. 
§ 3.352(a) be found to exist before a favorable decision is permissible. Particular personal functions which the veteran is unable to perform should be considered in connection with his condition as a whole. 

It is only necessary that the evidence establish that he is so helpless as to need regular aid and attendance, not that there is a constant need. 38 C.F.R. § 3.352(a); Turco v. Brown, 9 Vet. App. 222 (1996). It is logical to infer, however, a threshold requirement that "at least one of the enumerated factors be present." Turco, 9 Vet. App. at 224. 

"Bedridden" will be that condition which, by virtue of its essential character, actually requires that the claimant remain in bed. The fact that a claimant has voluntarily taken to bed or that a doctor has prescribed rest in bed for a greater or lesser part of the day to promote convalescence or cure is insufficient. 38 C.F.R. 
§ 3.352(a).

To establish entitlement to SMC based on housebound status under 38 U.S.C.
§ 1114(s), the evidence must show that a veteran has a single service-connected disability evaluated as 100 percent disabling and an additional service-connected disability, or disabilities, evaluated as 60 percent or more disabling that is separate and distinct from the 100 percent service-connected disability and involving different anatomical segments or bodily systems; or, the veteran has a single service-connected disability evaluated as 100 percent disabling and due solely to service-connected disability or disabilities, the veteran is permanently and substantially confined to his or her immediate premises. 38 C.F.R. § 3.350(i). 

While the Board is aware the Veteran has multiple nonservice-connected disabilities, the Board finds that, when considering just the service connected disabilities, the totality of the evidence shows that the Veteran requires the regular aid and attendance of another person to protect him from hazards or dangers incident to his daily environment and when caring for the daily personal needs of feeding, grooming, bathing, tending to hygiene needs, dressing, and undressing, and medicine management, and other mental impairment as a result of the service-connected disabilities, rather than nonservice-connected factors. 

In this regard, an April 2009 letter from the Veteran's physician indicated that he was not able to do basic activities and needed help to dress and bathe. 

An October 2011 report of VA examination found that as a result of the service-connected right wrist condition, the Veteran was significantly impaired secondary to limited range of motion and persistent pain. He was unable to perform activities of daily living without assistance from his wife, including grooming, bathing, feeding, dressing and undressing. He could also not perform routine household chores or drive a car. 

A January 2014 VA treatment record revealed that the Veteran was in occupational therapy for hand rehab. He was found to need help bathing and dressing his lower body. He was modified independent in eating, grooming, dressing his upper body, and toileting. He needed assistance with health management and maintenance, home establishment and management, and shopping. A February 2014 VA treatment record indicated that the Veteran had multiple mobility impairments and was very limited in his participation in household and community activities, also in his self-care activities, for which his wife provided assistance, besides having assistive devices for bathing and toileting. 

Reports of VA examination in January 2016 reveal that as a result of his service-connected left shoulder disabilities he was limited in reaching to shoulder height or above or lifting, pushing, pulling or carrying objects that weighed 10 pounds or more. He was also prevented from doing activities that required rapid left upper extremity movement. The wrist examination further revealed that his wrists were painful and limited performing strenuous activities that involved strong grips since this increased wrist pain. He was also unable to perform activities that required extreme dorsiflexion such as pushing with the hands. 

An October 2017 Aid and Attendance examination indicated that the Veteran's hand pain and joint disease rendered him unable to care for himself. 

The Board is aware that a January 2018 VA opinion indicated that based on recent wrists and shoulder examinations, the Veteran was found to have minimal functional capacity necessary to be independent in his activities of daily living; however, the opinion was not supported by adequate rationale nor did it include a discussion of the evidence delineated above. Therefore, the Board accords the opinion little probative weight especially in light of the totality of the evidence of record. See Hayes v. Brown, 5 Vet. App. 60, 69-70 (1993) (it is the responsibility of the Board to assess the credibility and weight to be given the evidence) (citing Wood v. Derwinski, 1 Vet. App. 190, 192-93 (1992)); see also Guerieri v. Brown, 4 Vet. App. 467, 470-471 (1993) (the credibility and weight to the attached medical opinions are within the province of the Board). 

A Veteran may receive SMC for either needing the regular aid and attendance of another person or for being housebound but not for both simultaneously. SMC by reason of the need for regular aid and attendance of another person is a greater monthly benefit than SMC by reason of being housebound. 38 U.S.C.A. § 1114 (l), (s).

Considering the above, the Board will resolve any reasonable doubt in the Veteran's favor and finds that the evidence supports a grant of SMC based on aid and attendance. 38 C.F.R. § 3.102.


ORDER

SMC based upon the need for regular aid and attendance of another is granted subject to the controlling regulations governing monetary awards. 




____________________________________________
E. I. VELEZ
Veterans Law Judge, Board of Veterans' Appeals



Department of Veterans Affairs