﻿Citation Nr: AXXXXXXXX
Decision Date: 12/31/19 Archive Date: 12/30/19

DOCKET NO. 190415-9488
DATE: December 31, 2019

ORDER

Entitlement to total disability rating based on individual unemployability since November 29, 2018, is granted.

FINDING OF FACT

1. The Veteran is service-connected for a single disability, which is rated at 80 percent, effective July 19, 2017.

2. Since November 29, 2018, the Veteran is rendered unable to secure or follow substantially gainful employment as a result of a single service-connected disability.

CONCLUSION OF LAW

The criteria for TDIU since November 29, 2018, have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.340, 3.341, 4.3, 4.15, 4.16, 4.18, 4.19, 4.25.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran, who is the appellant in this case, had service from August 1961 to August 1964.

These matters are before the Board of Veterans’ Appeals (Board) on appeal from a March 2019 Appeals Modernization Act (AMA) rating decision that considered the evidence of record on that date. The Veteran timely appealed this decision to the Board by filing a Form 10182 Notice of Disagreement and requesting the AMA Direct Review lane for a reevaluation of the evidence considered by the Agency of Original Jurisdiction (AOJ).

The Board has thoroughly reviewed all the evidence in the claims file. Although the Board has an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, all the evidence submitted. See Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000) (the Board must review the entire record, but does not have to discuss each piece of evidence). The analysis below focuses on the most salient and relevant evidence and on what this evidence shows, or fails to show, on the claims. The appellant must not assume that the Board has overlooked pieces of evidence that are not explicitly discussed herein. See Timberlake v. Gober, 14 Vet. App. 122 (2000) (the law requires only that the Board address its reasons for rejecting evidence favorable to the Veteran).

The Board must assess the credibility and weight of all evidence, including the medical evidence, to determine its probative value, accounting for evidence that it finds to be persuasive or unpersuasive. When all the evidence is assembled, VA is responsible for determining whether the evidence supports the claim or is in relative equipoise, with the appellant prevailing in either event, or whether a preponderance of the evidence is against a claim, in which case, the claim is denied. See Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Equal weight is not accorded to each piece of evidence in the record; not every item of evidence has the same probative value. 

When there is an approximate balance in the evidence regarding the merits of an issue material to the determination of the matter, the benefit of the doubt in resolving each such issue shall be given to the claimant. 38 U.S.C. § 5107(b) (2012); 38 C.F.R. § 3.102 (2019). The Court has held that an appellant need only demonstrate that there is an “approximate balance of positive and negative evidence” in order to prevail. See Gilbert, 1 Vet. App. at 53. The Court has also stated, “It is clear that to deny a claim on its merits, the evidence must preponderate against the claim.” Alemany v. Brown, 9 Vet. App. 518, 519 (1996), citing Gilbert.

1. Entitlement to TDIU since November 29, 2018.

The Veteran essentially contends that he is unable to follow (maintain) a substantially gainful occupation due to symptoms and impairment caused by his service-connected right eye disability. VA received the Veteran’s VA Form 21-8940, Application for Increased Compensation Based on Unemployability, on November 29, 2018.

Disability ratings are determined by applying the criteria set forth in VA’s Schedule for Rating Disabilities (Rating Schedule), which is based on the average impairment of earning capacity. 38 U.S.C. § 1155. Total disability is considered to exist when there is any impairment that is sufficient to render it impossible for the average person to follow a substantially gainful occupation. Total disability may or may not be permanent. 38 C.F.R. § 3.340(a)(1). Total ratings are authorized for any disability or combination of disabilities for which the Rating Schedule prescribes a 100 percent rating. 38 C.F.R. § 3.340(a)(2).

TDIU may be assigned when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities. The service-connected disabilities, employment history, educational and vocational attainment, and all other factors having a bearing on the issue will be addressed in both instances. 38 C.F.R. § 4.16(a), (b).

If there is only one such disability, it must be rated at 60 percent or more; if there are two or more disabilities, at least one disability must be rated at 40 percent or more, with sufficient additional disability to bring the combined rating to 70 percent or more. 38 C.F.R. § 4.16(a). For the above purpose of one 60 percent disability, or one 40 percent disability in combination, the following will be considered as one disability: (1) disabilities of one or both upper extremities, or of one or both lower extremities, including the bilateral factor, if applicable, (2) disabilities resulting from common etiology or a single accident, (3) disabilities affecting a single body system, e.g. orthopedic, digestive, respiratory, cardiovascular-renal, neuropsychiatric, (4) multiple injuries incurred in action, or (5) multiple disabilities incurred as a prisoner of war. 38 C.F.R. § 4.16(a).

If a veteran’s disabilities do not meet the objective combined rating percentage criteria of 38 C.F.R. § 4.16(a), it then becomes necessary to consider whether the criteria for referral for extraschedular consideration are met under § 4.16(b) criteria. It is the established policy of VA that all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. Submission to the Director, Compensation Service, for extraschedular consideration is warranted in all cases of veterans who are unemployable by reason of service-connected disabilities, but who fail to meet the percentage standards set forth in § 4.16(a). 38 C.F.R. § 4.16(b).

In Faust v. West, 13 Vet. App. 342 (2000), the Court defined “substantially gainful employment” as an occupation that provides an annual income that exceeds the poverty threshold for one person, irrespective of the number of hours or days that a veteran actually works and without regard to a veteran’s earned annual income. In Hatlestad v. Derwinski, 5 Vet. App. 524, 529 (1993), the Court held that the central inquiry in determining whether a veteran is entitled to a TDIU is whether a veteran’s service-connected disabilities alone are of sufficient severity to produce unemployability. The determination as to whether a total disability is appropriate should not be based solely upon demonstrated difficulty in obtaining employment in one particular field, which could also potentially be due to external bases such as economic factors, but rather to all reasonably available sources of employment under the circumstances. See Ferraro v. Derwinski, 1 Vet. App. 326, 331-332 (1991). In evaluating a veteran’s employability, consideration may be given to the level of education, special training, and previous work experience in arriving at a conclusion, but not to age or impairment caused by non-service-connected disabilities. 38 C.F.R. §§ 3.341, 4.16, 4.19.

The term “unemployability,” as used in VA regulations governing total disability ratings, is synonymous with an inability to secure and follow a substantially gainful occupation. See VAOPGCPREC 75-91. The issue is whether a veteran’s service-connected disability or disabilities preclude him or her from engaging in substantially gainful employment (i.e., work which is more than marginal, that permits the individual to earn a “living wage”). See Moore v. Derwinski, 1 Vet. App. 356 (1991). In a claim for TDIU, the Board may not reject the claim without producing evidence, as distinguished from mere conjecture, that a veteran’s service-connected disability or disabilities do not prevent him or her from performing work that would produce sufficient income to be other than marginal. Friscia v. Brown, 7 Vet. App. 294 (1995), citing Beaty v. Brown, 6 Vet. App. 532, 537 (1994).

Marginal employment is not considered substantially gainful employment and generally is deemed to exist when a veteran’s earned income does not exceed the amount established by the U.S. Department of Commerce, Bureau of the Census, as the poverty threshold for one person. Marginal employment may also be held to exist in certain cases when earned annual income exceeds the poverty threshold on a facts-found basis. Consideration shall be given in all claims to the nature of the employment and the reason for termination. 38 C.F.R. § 4.16(a). Marginal employment, odd-job employment, and employment at half the usual remuneration is not incompatible with a determination of unemployability if the restriction to securing or retaining better employment is due to disability. 38 C.F.R. § 4.17(a).

The ultimate issue of whether a TDIU should be awarded is not a medical issue, but rather is a determination for the adjudicator. See Moore v. Nicholson, 21 Vet. App. 211, 218 (2007) (ultimate question of whether a veteran is capable of substantially gainful employment is not a medical one; that determination is for the adjudicator), rev’d on other grounds sub nom, Moore v. Shinseki, 555 F.3d 1369 (Fed. Cir. 2009). Although VA must give full consideration, per 38 C.F.R. § 4.15, to “the effect of combinations of disability,” VA regulations place responsibility for the ultimate TDIU determination on VA, not a medical examiner’s opinion. Geib v. Shinseki, 733 F.3d 1350, 1354 (Fed. Cir. 2013); 38 C.F.R. § 4.16(a); see also Smith v. Shinseki, 647 F.3d 1380, 1385-86 (Fed. Cir. 2011) (VA is not required to obtain an industrial survey from a vocational expert before making a TDIU determination but may choose to do so in an appropriate case). While medical and lay opinions regarding the extent of functional impairment are evidence to be considered, the ultimate factual determination lies with the adjudicator. As an adjudicator may not substitute his or her own opinion for medical judgment, Colvin v. Derwinski, 1 Vet. App. 171 (1991), a medical opinion cannot subvert the responsibility of the fact finder. Moore, supra. 

On the Veteran’s VA Form 21-8940, Application for Increased Compensation Based on Unemployability, he asserted that his right eye disability prevented him from securing or following any substantially gainful occupation. He reported that this disability affected his ability to work full-time since June 1, 1998, which is the same day he became too disabled to work. He indicated that the highest level of education completed was four years of college.

The Veteran is service connected and in receipt of one disability rating for the right eye (30 percent, effective February 27, 1987, and then 80 percent, effective July 19, 2018). Based on the foregoing, the criteria for a schedular TDIU have been met since the date VA received his claim: November 29, 2018.

After reviewing all the evidence of record, the lay and medical evidence is at least in equipoise on the question of whether the Veteran’s service-connected disability has rendered him totally unemployable for purposes of individual unemployability benefits since November 29, 2018. The Veteran met the threshold schedular requirements of 38 C.F.R. § 4.16(a) since November 29, 2018.

The evidence for consideration in this case includes VA treatment records, a VA examination report, private medical records, Social Security Administration (SSA) records, and lay statements. Throughout the period on appeal, the Veteran’s right eye disability symptoms have primarily consisted of low vision and light perception only in the right eye. He was diagnosed with central corneal opacity in the right eye, as well as low vision and pseudophakia in both eyes. 

The Board’s decision is based on consideration of all lay and medical evidence, and consideration of the functional limitations of the service-connected disability rather than reliance only on the opinion of a VA examiner viewing the disability in isolation. Furthermore, the Board has considered the interplay between the Veteran’s service-connected disability and his previous background, education, and employment history. 

The evidence in favor of the claim includes a December 2018 VA examiner’s opinion, which stated that based on the Veteran’s present symptoms and history, the right eye disability impacted his ability to work. The VA examiner reported the Veteran’s right eye disability “will make it difficult and/or dangerous for him to work in environments with moving parts, or in conditions that require depth perception tasks such as finding objects in space.” The examiner opined the Veteran “will likely need to be restricted to sedentary activities such as desk work.” The Board has considered the VA examiner’s opinion to the extent that it shows the degree of functional impairment caused by the Veteran’s service-connected disability. The aforementioned symptoms and functional impairments due to the service-connected disability, when viewed in relation to past work experience, education, and training, become more significant when evaluating the Veteran’s inability to maintain substantially gainful employment. 

The record also includes copies of the Veteran’s SSA disability records. While not binding on the Board’s decision, the SSA determined that the Veteran was not engaged in substantial gainful activity since October 1991. Additionally, these records show the Veteran has a high school education and completed two years of junior college. His prior work experience consisted of military service, as well as work as a fork lift operator, poultry industry laborer, radio dispatcher, construction laborer, bus driver, and lumber truck driver. SSA records also reflect that the Veteran’s standing/walking would be affected but sitting would not. He should never climb and only occasionally balance. The SSA decision granting benefits found that the evidence indicated the combined exertional and non exertional impairments of visual defects, along with some other disabilities, restricted the veteran to less than a full range of sedentary work.

While the December 2018 VA examiner found that the Veteran was able to perform sedentary work with several restrictions in place, this is not the same as the ability to maintain substantially gainful employment. Instead, the Board finds the SSA records coupled with the December 2018 VA examiner’s opinion highly probative because it shows the totality of the Veteran’s service-connected disability in relation to his past work experience, education, and training. As a result, the Board finds that the Veteran meets the schedular criteria for a TDIU since November 29, 2018. 

In consideration of the foregoing, and resolving reasonable doubt in favor of the Veteran, the service-connected right eye disability is of sufficient severity to render the Veteran unable to follow or maintain substantially gainful employment since November 29, 2018. 38 C.F.R. §§ 3.340, 3.341, 3.400, 4.15, 4.16.

Entitlement to special monthly compensation (SMC) is an “inferred issue” in the context of an increased rating claim that must be considered when the record indicates that it may be available, even if the claimant does not place eligibility for this ancillary benefit at issue. Akles v. Derwinski, 1 Vet. App. 118, 121 (1991); see also Bradley v. Peake, 22 Vet. App. 280 (2008). SMC is payable at the housebound rate where the Veteran has a single service-connected disability rated at 100 percent and one or more distinct service-connected disabilities, which are independently ratable at 60 percent and involve different anatomical segments or bodily systems. 38 U.S.C. § 1114(s); 38 C.F.R. § 3.350(i). For the purposes of a single 100 percent disability, a grant of a TDIU based on a single disability can qualify. See Bradley v. Peake, 22 Vet. App. 280 (2008). The Board’s decision above grants TDIU since November 29, 2018, based on the Veteran’s right eye disability. Nonetheless, the Veteran does not qualify for SMC because he is only service-connected for one disability.

(Continued on the next page)

 

Neither the Veteran nor his representative has raised any other issues, nor have any other issues been reasonably raised by the record. See Doucette v. Shulkin, 28 Vet. App. 366 (2017) (confirming that the Board is not required to address issues unless they are specifically raised by the claimant or reasonably raised by the evidence of record).

 

 

H. SEESEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board R. Connally, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.