**Tony J. SERVELLO, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

No. 90–906.

United States Court of Veterans Appeals.

Argued Dec. 12, 1991.

Decided Sept. 21, 1992.

 

Joseph A. Violante, Washington, D.C., for appellant.

R. Randall Campbell, with whom Robert E. Coy, Acting Gen. Counsel, Barry M. Tapp, Asst. Gen. Counsel, and Pamela L. Wood, Deputy Asst. Gen. Counsel, Washington, D.C., were on the pleadings, for appellee.

Before MANKIN, HOLDAWAY and STEINBERG, Associate Judges.

STEINBERG, Associate Judge:

The appellant, veteran Tony J. Servello, a former World War II prisoner of war, appeals a June 12, 1990, Board of Veterans' Appeals (BVA or Board) decision which denied him entitlement to an effective date prior to January 23, 1987, for a total disability rating based on individual unemployability. *Tony J. Servello*, BVA 90–19247 (June 12, 1990). The appellant contends that the Board's conclusion that the veteran was not entitled to an earlier effective date is clearly erroneous. For the reasons set forth below, the Court does not reach that question because we are unable to review effectively the merits of the appeal as a result of the Board's failure to apply properly the applicable statutory and regulatory provisions and to provide the Court with a reasoned decision which conforms to the requirements of 38 U.S.C. § 7104(d)(1) (formerly § 4004). The Court does hold, as a matter of law, that the veteran did submit in May 1985 an informal claim for a total disability rating based on individual unemployability and that the Board erred in not considering evidence prior to January 1987 in determining the earliest date by which the veteran's individual unemployability was ascertainable under applicable law and regulation. Consequently, the Board's June 1990 decision will be vacated and the matter remanded to the Board for readjudication consistent with this opinion.

## I. BACKGROUND

On December 28, 1983, a Regional Office (RO) of the Veterans' Administration (now Department of Veterans Affairs) (VA) awarded the veteran service-connected disability compensation for a psychiatric disor-

der—generalized anxiety disorder, with depression—evaluated as 30% disabling, and assigned an effective date of September 30, 1982. R. at 151. In November 1985, the RO broadened the veteran's service-connected psychiatric disorder to include post-traumatic stress disorder (PTSD), and increased his disability rating to 50%, also effective from September 30, 1982. R. at 206, 209. A February 25, 1985, BVA decision awarded him service connection for residuals of a frozen right foot (R. at 178), and the RO assigned a 10% disability rating and an effective date of September 30, 1983, for that rating (R. at 184). A combined disability rating of 60% for his service-connected conditions was made effective on October 1, 1983. R. at 212–13.

From the time he established service connection for his psychiatric disability in December 1983, the veteran continually sought from VA an increased disability rating for the condition; on September 20, 1988, the BVA awarded him a total disability rating, under 38 C.F.R. § 4.16(a) (1991), based on individual unemployability. The RO then established January 23, 1987, the date on which the veteran had filed a formal "APPLICATION FOR INCREASED COMPENSATION BASED ON UNEMPLOYABILITY", as the effective date for that rating. R. at 246, 308. He appealed this decision to the BVA, which affirmed that finding in its June 12, 1990, decision on the grounds that prior to January 23, 1987, the veteran had not submitted a claim for a total disability rating based on individual unemployability and because that date (of the claim) was also the earliest date upon which it was factually ascertainable that the veteran had demonstrated that he was unemployable. A timely appeal to this Court followed under 38 U.S.C. §§ 7252, 7266 (formerly §§ 4052, 4066).

## II. ANALYSIS

### A. Statutory and Regulatory Framework

■ Under 38 U.S.C. § 5110(b)(2) (formerly § 3010), "[t]he effective date of an award of increased compensation shall be the earliest date as of which it is ascertain-

able that an increase in disability had occurred, if application is received within one year from such date." *See also* 38 C.F.R. § 3.400(*o*)(2) (1991) (to the same effect). "Application" is not defined in the statute. However, in the regulations, "claim" and "application" are considered equivalent and are defined broadly to include "a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit." 38 C.F.R. § 3.1(p) (1991). Under 38 C.F.R. § 3.155(a) (1991), the submission of certain medical records *may* constitute an "informal claim" for an increase in disability compensation. If a "formal claim" has not been received by VA upon its receipt of an informal claim, VA must forward an application to the claimant; the claimant must return the formal claim to VA within one year to make the date of receipt of the informal claim an appropriate effective date for the claim. *Ibid.* In addition and significantly, 38 C.F.R. § 3.157(b)(1) (1991) specifies that where, as here, a claimant's formal claim for compensation already has been allowed, receipt of, inter alia, a VA report of examination *will be* accepted as an informal claim filed on the date of the examination.

■ The applicable statutory and regulatory provisions, fairly construed, require that the BVA look to all communications in the file that may be interpreted as applications or claims—formal and informal—for increased benefits and, then, to all other evidence of record to determine the "earliest date as of which", within the year prior to the claim, the increase in disability was ascertainable. 38 U.S.C. § 5110(b)(2); *see* 38 C.F.R. §§ 3.400(*o*)(2), 3.155(a); *Quarles v. Derwinski*, 3 Vet.App. 129, 134, (1992); *see also* 38 U.S.C. § 7104(a) (formerly § 4004) (Board decisions must be based on "entire record" and "consideration of all evidence and material of record"). For the reasons set forth below, the Court holds that the Board erred in the present case by failing to evaluate the record for earlier claims and evidence which may have enti-

tled the veteran to an earlier effective date and to explain, pursuant to its obligation under 38 U.S.C. § 7104(d)(1), the persuasiveness and unpersuasiveness of all of the evidence of record in connection with those two issues. *See Gilbert v. Derwinski*, 1 Vet.App. 49, 56–57 (1990) (Board must identify, among reasons or bases for decision, those findings it deems crucial to its decision and account for the evidence which it finds to be persuasive or unpersuasive).

## B. Informal Claim for Individual Unemployability

█ Although the Board acknowledged that, under 38 C.F.R. § 3.155(a), an informal claim may, in some circumstances, be considered to be the date of a claim, *Servello*, BVA 90–19247, at 5, the Board misapplied the regulation in stating that there had been no informal claim filed before January 23, 1987, for "a total rating based on individual unemployability". *Ibid.* The Board's conclusion derived from its incorrect interpretation of the regulation that an "informal claim [must] *specifically* identify the benefit sought." *Ibid.* (emphasis added). Section 3.155(a) does not contain the word "specifically". Making such precision a prerequisite to acceptance of a communication as an informal claim would contravene the Court's precedents and public policies underlying the veterans' benefits statutory scheme. "A claimant's claim may not be ignored or rejected by the BVA merely because it does not expressly raise the provision which corresponds to the benefits sought". *Douglas v. Derwinski*, 2 Vet.App. 103, 109 (1992) (*Douglas I*); *see Douglas v. Derwinski*, 2 Vet.App. 435, 442 (1992) (en banc) (*Douglas II*); *Akles v. Derwinski*, 1 Vet.App. 118, 121 (1991). "To require that veterans enumerate which sections they found applicable to their request[s] for benefits would change the [nonadversarial] atmosphere in which [VA] claims are adjudicated." *Akles, supra.*

Moreover, 38 C.F.R. § 3.157(b) defeats the Secretary's contention as to the need for, and lack of, specificity. It provides that the date of an outpatient or hospital examination or admission to a VA or uniformed services hospital will be accepted as the date of receipt of an informal claim for increased benefits, or an informal claim to reopen, with respect to disabilities for which service connection has been granted. This section does not require the veteran to identify the report as a claim or to identify the benefits sought.

█ The question then becomes whether any of the veteran's pre-January 23, 1987, written communications to VA, whether formal or informal, evidenced "a belief" by the veteran that he was entitled to total disability benefits by virtue of unemployability. *See* 38 C.F.R. § 3.1(p). The veteran is not required to mention "unemployability." *See Gleicher v. Derwinski*, 2 Vet. App. 26, 27 (1991) (reversing BVA decision denying individual unemployability benefits where appellant had requested that BVA increase 70% disability rating to 100% but did not request specifically a total rating based on individual unemployability); *Snow v. Derwinski*, 1 Vet.App. 417 (1991) (remanding matter to BVA for consideration of individual unemployability claim where appellant had not raised it explicitly but had stated in submissions to VA that he believed he was 100% disabled and that last employer would not rehire him due to his service-connected PTSD).

In a May 13, 1985, examination report, the examining VA psychiatrist concluded that the veteran suffered from PTSD which "has resulted in *profound* interference in his social and economic [sic] adjustment". R. at 190 (emphasis added). In the May 1, 1985, "REPORT OF MEDICAL EXAMINATION" Form 21–2545, attached to the medical examination report, the veteran had indicated that there was no occupational history since his discharge from service and further indicated that the "REASON FOR TIME LOST" was "due to [service-connected] disabilities". These reports, reflecting the veteran's intention to demonstrate that he was unable to work, must be read in the context of the Form 21–2545 submitted on November 18, 1983, which had specifically stated that the veteran was unemployed "due to service connected disability". R. at 123. They must also be considered in the context of the VA's having rated the veteran

as unemployable for pension purposes in a December 10, 1976, RO decision. R. at 44, 46. That is, the VA was on notice in 1985 that the veteran was in a continuing state of unemployability, since his pension eligibility had never been revoked, and the only question that remained was whether or not his unemployability resulted from service-connected conditions rather than from a combination of service-connected and non-service-connected conditions.

Thus, we conclude that the veteran submitted to the VA an informal claim for individual unemployability, within the purview of 38 C.F.R. §§ 3.1(p), 3.155(a), and 3.157(b)(1) (1991), on May 13, 1985, by virtue of the VA medical examination report of that date. Indeed, since this report and a social survey conducted by a VA social worker on June 2, 1985, were the basis for an RO decision on July 26, 1985, which continued the veteran's 30% rating for his psychiatric disorder, it is apparent that the RO had considered the communications a claim for an increased rating. R. at 203.

### C. One–Year Filing Requirement of § 3.155(a)

■ The Court is not able to conclude that the VA fulfilled the requirements of section 3.155(a) by "forward[ing]" to the appellant an "application form" once it had received his informal claim of May 13, 1985. *See* 38 C.F.R. § 3.155(a). Accordingly, the one-year filing period for such application did not begin to run, and VA, therefore, "may not ... assert upon remand that, based on the veteran's failure to file ... [that application form, his May 1985 informal claim] is not a cognizable claim for effective-date purposes." *Quarles,* 3 Vet.App. at 137. Thus, in the instant case, since the one-year period for filing a formal claim was never triggered, the May 1985 date of the veteran's "informal claim" must be accepted, as a matter of law, as the date of his "claim" or "application" for purposes of determining an effective date under 38 U.S.C. § 5110(b)(2) and 38 C.F.R. §§ 3.1(p), 3.400(o)(2), 3.155(a), and 3.157(b)(1). *Ibid.*

### D. Evidence Prior to January 1987 Formal Claim

■ Without regard to the issue of the May 1985 claim for individual unemployability, the Board also erred in concluding that the assignment of an effective date earlier than January 23, 1987, was not indicated, stating, in pertinent part:

> The Board's grant of a total rating was based solely on consideration of the evidence received on or subsequent to the date of the receipt of the formal claim, and[,] thus, a factually ascertainable increase in the degree of disability at a time prior to January 23, 1987, was not demonstrated.

*Servello,* BVA 90–19247, at 5 (June 12, 1990). Whether or not the BVA decision of September 20, 1988, in granting the veteran an award of individual unemployability, had evaluated evidence that had accumulated prior to January 1987 in the veteran's claims file is immaterial to the proper determination of the effective date that the BVA was called upon to make in the decision on appeal. Even if the record were devoid of communications from the veteran regarding unemployability other than the formal claim for individual unemployability dated January 23, 1987, the Board was required under statute and regulation to evaluate the evidence of record dating back to January 23, 1986—the date one year before the claim's filing—to determine whether the veteran's unemployability due to service-connected disabilities was ascertainable within the year before he submitted his formal claim. *See* 38 U.S.C. § 5110(b)(2). This the Board did not do. Therefore, without reference to the conclusions set forth in parts B. and C., above, the BVA decision was defective.

### E. Reasons or Bases for Effective Date Decisions

■ Whether or not the evidence demonstrates that the veteran's unemployability due to service-connected disabilities was ascertainable is a finding of fact that must be made by the BVA and be supported by an adequate statement of the reasons or bases for its decision. The role of an appellate court is not to serve as a de novo

factfinder, *see Webster v. Derwinski*, 1 Vet.App. 155, 159 (1991); thus, this Court may not "substitute its judgment for that of the BVA on issues of material fact". *Gilbert*, 1 Vet.App. 49, 53 (1990). Since the Board apparently did not evaluate any evidence preceding January 23, 1987, to determine whether the veteran's unemployability due to his service-connected disabilities was ascertainable at any time prior to that date, the Court may not now do so in the first instance. On remand, therefore, the Board will be required to provide, under 38 U.S.C. § 7104(d)(1), the "reasons or bases" for whatever date it determines is the earliest ascertainable date (between May 13, 1984, and January 23, 1987) for the increase in disability. *See Quarles*, 3 Vet. App. at 137–139.

### III. CONCLUSION

For the reasons set forth above, after consideration of the record and the briefs and oral arguments of the parties, the Court vacates the BVA's June 12, 1990, decision and remands the case to the Board for prompt readjudication consistent with this opinion. *See Fletcher v. Derwinski*, 1 Vet.App. 394, 397 (1991). On remand, the appellant will be free to submit additional evidence and argument on the question at issue. *Quarles*, 3 Vet.App. at 140–141. A final decision by the Board following the remand herein ordered will constitute a new decision which may be appealed to this Court only upon the filing of a new Notice of Appeal with the Court not later than 120 days after the date on which notice of the new BVA decision is mailed to the appellant.

VACATED AND REMANDED.