Citation Nr: 1111569 
Decision Date: 03/23/11 Archive Date: 04/05/11

DOCKET NO. 09-14 082 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs (VA) Regional Office (RO) 
in St. Petersburg, Florida


THE ISSUE

Entitlement to an effective date earlier than January 30, 2007 for the grant of service connection for bilateral hearing loss.


REPRESENTATION

Veteran represented by: The American Legion


ATTORNEY FOR THE BOARD

Matthew Blackwelder, Counsel





INTRODUCTION

The Veteran had active military service from April 1943 to November 1945.

This appeal comes to the Board of Veterans' Appeals (Board) from a May 2008 rating decision. 

Please note this appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c) (2010). 38 U.S.C.A. § 7107(a)(2) (West 2002).


FINDINGS OF FACT

1. The Veteran's claim for service connection for bilateral hearing loss was denied by the Board in 1990. 

2. A petition to reopen the previously denied claim was received in December 2003, and was adjudicated and denied by an April 2004 rating decision, which the Veteran did not appeal. 

3. Several Form 21-4138s signed by the Veteran and addressing hearing loss and dated between 2003 and 2006 were received by VA in January 2007.

4. The Veteran has not rebutted the presumption of regularity with regard to the receipt of the Form 21-4138s which he reports having submitted.

5. Between April 2004 and January 2007, VA did not receive or otherwise possess any document that can reasonably be construed as a formal or informal claim for VA benefits for bilateral hearing loss.





CONCLUSION OF LAW

Criteria for an effective date earlier than January 30, 2007, for the award of service connection for bilateral hearing loss have not been met. 38 U.S.C.A. § 5110 (West 1991); 38 C.F.R. §§ 3.155, 3.157, 3.400 (2010).


REASONS AND BASES FOR FINDINGS AND CONCLUSION

I. Effective Date

The Veteran seeks an effective date prior to January 30, 2007 for the grant of service connection for bilateral hearing loss. 

Under applicable criteria, the effective date of an award of compensation based on an original claim (received beyond one year after service discharge) or a claim reopened after final adjudication shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of the application thereof. 38 U.S.C.A. § 5110(a); 38 C.F.R. § 3.400. A specific claim in the form prescribed by the Secretary must be filed in order for benefits to be paid or furnished to any individual under the laws administered by the Secretary. See 38 U.S.C.A. § 5101(a).

Specifically, the effective date for an award of service connection based on a claim reopened after final disallowance will generally be the date of receipt of the application to reopen, or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400(r).

A "claim" is defined in the VA regulations as "a formal or informal communication in writing requesting a determination of entitlement, or evidencing a belief in entitlement, to a benefit." 38 C.F.R. § 3.1(p). An informal claim is "[a]ny communication or action indicating an intent to apply for one or more benefits." It must "identify the benefit sought." 38 C.F.R. § 3.155(a). VA must look to all communications from a claimant that may be interpreted as applications or claims, formal and informal, for benefits and is required to identify and act on informal claims for benefits. Servello v. Derwinski, 3 Vet. App. 196, 198 (1992). If VA fails to forward an application form to the claimant after receipt of an informal claim, then the date of the informal claim must be accepted as the date of claim for purposes of determining an effective date. Id. at 200.

The crux of the Veteran's argument is that he filed several claims to reopen his previously denied claim of entitlement to service connection for bilateral hearing loss between 2003 and 2007, but that VA failed to properly perform its administrative duties, that is, that VA lost or misplaced the various claims he reports having filed.

It is noted that the Veteran's claim for service connection for bilateral hearing loss was denied by the Board in 1990. The Veteran subsequently submitted a claim to reopen in December 2003. However, this claim was denied by an April 2004 rating decision, which the Veteran did not appeal.

On January 30, 2007, the Veteran submitted a copy of his DD-214, as well as a number of Form 21-4138s dated between December 2003 and December 2006, each of which addressed the Veteran's desire for service connection for bilateral hearing loss based on military noise exposure. However while the documents were signed and dated, there is no date stamp showing that such documents were ever actually submitted to VA prior to January 30, 2007 (the date when they were received by VA and stamped accordingly). It is noted that in addition to the stamp of receipt by VA, the packet of forms was also stamped as having been received by a local veterans' service organization on January 16, 2007.

The Veteran argues that VA never adjudicated any of these claims. However, the December 2003 claim was received by VA and adjudicated in April 2004. The Veteran was notified of this denial by a letter that was sent to the Veteran's current address (the address that was listed on his substantive appeal), but he did not pursue an appeal. 

It is unclear from the Veteran's statements whether he believes that he directly submitted these documents to VA or whether he gave them to his representative to submit (as there is one Form 21-4138 dated October 2004 which is a letter to a doctor from the Veteran's representative).

In deciding this case based on its application of the law to the pertinent facts, the Board notes that the "date of receipt" of claim means the date on which a claim is received by VA, except as to specific provisions for claims received in the State Department, the Social Security Administration, or the Department of Defense, that are not applicable in the present case. 38 C.F.R. § 3.1(r).

The Court has applied a presumption of regularity to all manner of VA processes and procedures. See Woods v. Gober, 14 Vet. App. 214, 220 (2000). In applying this legal principle to the present instance, the presumption of regularity applies to VA's actions following receipt of a claim, and it is presumed that VA properly processed all claims submitted by the Veteran or his representative, including affixing evidence of the date of receipt by VA, and associating the claim with the claims folder. Clear evidence is required to rebut the presumption of regularity. See id.; see also Baldwin v. Brown, 13 Vet. App. 1, 6 (1999), Mindenhall v. Brown, 7 Vet. App. 271 (1994).

In reviewing the evidence of record, the Board finds that the presumption of regularity on behalf of VA has not been rebutted in the present case. The Veteran has presented copies of several documents which he purports to have submitted, but he has not provided any evidence that he ever did actually submit any such documents. A review of the Veteran's claims file shows that a claim was received from the Veteran in December 2003, but this claim was clearly adjudicated and not appealed. After the passage of a year, that claim became final and therefore it cannot serve to mandate an earlier effective date. See 38 C.F.R. § 3.400. 

As noted, clear evidence is required to rebut the presumption of regularity, which dictates in this case that if the Veteran correctly mailed documents to VA, they would be present in the Veteran's claims file and date stamped to show the date they were received by VA. Unfortunately, aside from submitting copies of several Form 21-4138s, the Veteran has supplied no evidence, such as a copy of a certified mail receipt, to show that such forms were ever actually submitted to VA. Therefore, the presumption of regularity has not been rebutted, and the first document that can serve as a claim to reopen the previously denied claim of entitlement to service connection for bilateral hearing loss was received on January 30, 2007.

Given that conclusion, the law and regulations provide that the effective date of an award based on an original or reopened claim for benefits, as is the case here, shall be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 C.F.R. § 3.400.

Because the Veteran's claim was not received by VA until January 30, 2007, the Veteran is not entitled to an earlier effective than has been assigned. In conclusion, the Board finds that equipoise is not shown, and the benefit of the doubt rule does not apply. See 38 U.S.C.A. § 5107; 38 C.F.R. § 3.102. As the weight of the evidence is against the Veteran's claim for an earlier effective date for the grant of service connection for bilateral hearing loss, the Board is unable to grant the benefits sought. Accordingly, the Veteran's appeal is denied.

II. Duties to Notify and Assist 

Under applicable criteria, VA has certain notice and assistance obligations to claimants. See 38 U.S.C.A. §§ 5102, 5103, 5103A, 5107; 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a). 
 
Notice must be provided to a claimant before the initial unfavorable agency of original jurisdiction (AOJ) decision on a claim for VA benefits and must: (1) inform the claimant about the information and evidence not of record that is necessary to substantiate the claim; (2) inform the claimant about the information and evidence that VA will seek to provide; and (3) inform the claimant about the information and evidence the claimant is expected to provide. Pelegrini v. Principi, 18 Vet. App. 112, 120-21 (2004) (Pelegrini II). With respect to service connection claims, a section 5103(a) notice should also advise a claimant of the criteria for establishing a disability rating and effective date of award. Dingess/Hartman v. Nicholson, 19 Vet. App. 473, 486 (2006). 

In this case, the Veteran's claim for service connection for bilateral hearing loss was granted. He then appealed the downstream issue of the effective date that had been assigned. Under these circumstances, since the original claim was granted, there are no further notice requirements under the aforementioned law with regard to that issue. Nevertheless, a letter was sent in February 2007 explaining how effective dates are calculated.

As to VA's duty to assist, the Board finds that all necessary development has been accomplished, and therefore appellate review may proceed without prejudice to the Veteran. See Bernard v. Brown, 4 Vet. App. 384 (1993). Additionally, the Veteran was scheduled to testify at a hearing before the Board, but he withdrew his hearing request. 

VA has satisfied its duties to notify and assist, and additional development efforts would serve no useful purpose. See Soyini v. Derwinski, 1 Vet. App. 540, 546 (1991); Sabonis v. Brown, 6 Vet. App. 426, 430 (1994). Because VA's duties to notify and assist have been met, there is no prejudice to the Veteran in adjudicating this appeal.


ORDER

An effective date earlier than January 30, 2007 for the grant of service connection for bilateral hearing loss is denied.



____________________________________________
MICHAEL E. KILCOYNE 
Veterans Law Judge, Board of Veterans' Appeals

Department of Veterans Affairs