﻿Citation Nr: AXXXXXXXX
Decision Date: 12/06/18 Archive Date: 12/06/18

DOCKET NO. 181010-560
DATE: December 6, 2018
ORDER
Entitlement to an earlier effective date of August 17, 2010, but no earlier, for the award of service connection for bilateral flat feet is granted. 
FINDINGS OF FACT
1. The Veteran submitted correspondence on August 17, 2010 which expressed a desire to submit a claim of entitlement to service connection for tendonitis of the feet, and within a year he clarified that his claim included pain in the soles of his feet; service connection for bilateral flat feet was ultimately granted in a September 2017 rating decision.
2. The Veteran did not submit any correspondence prior to August 17, 2010 indicating an intent to claim entitlement to service connection for a bilateral foot disorder.
CONCLUSION OF LAW
The criteria for entitlement to an effective date for the award of service connection for bilateral flat feet of August 17, 2010, but no earlier, has been met. 38 U.S.C. § 5110; 38 C.F.R. §§ 3.151, 3.155, 3.158, 3.400.
REASONS AND BASES FOR FINDINGS AND CONCLUSION
On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for veterans dissatisfied with VA’s decision on their claim to seek review. The Veteran chose to participate in VA’s test program RAMP (Rapid Appeals Modernization Program.) This decision has been written consistent with the new AMA framework.
The Veteran served on active duty from October 1988 to October 1995.
The Veteran claims entitlement to an earlier effective date of August 17, 2010 for the grant of service connection for bilateral flat feet. He has written that the correspondence he submitted to VA on August 17, 2010 was intended as a general claim for foot problems and included a claim for what was ultimately diagnosed as flat feet and granted separate service connection in the September 2017 rating decision.
The Board has reviewed all of the evidence of record and finds that the Veteran’s assertion that his August 17, 2010 submission was intended as a general claim of entitlement to service connection for foot problems is reasonable, and an effective date of August 17, 2010 is warranted. Clemons v. Shinseki, 23 Vet. App. 1 (2009) (Although a veteran might only claim entitlement to service connection for a particular disorder, the claim cannot be a claim limited only to that diagnosis, but must rather be considered a claim for any disability that may be reasonably encompassed.) 
In a June 2006 rating decision, the Veteran was granted entitlement to service connection for a left ankle disability. On August 17, 2010, the Veteran submitted correspondence stating that he was appealing the decision concerning his “left foot/ankle” and that he was filing a claim for tendinitis secondary to his original ankle injury.
The Veteran was sent a notification letter in December 2010 which asked the Veteran to submit additional evidence on his current tendinitis disability. On January 7, 2011, VA received correspondence from the Veteran in which he explained that the injury to his foot/ankle that he incurred in service had “caused considerable after affects in my gait and subsequently in my shins and bottom of my feet.”
The Veteran’s claim was then expanded to include consideration of entitlement to service connection for shin splints and flat feet, as well Achilles tendonitis. 
After a positive nexus opinion was received from a VA examiner in September 2017, a September 2017 rating decision granted entitlement to service connection for bilateral flat feet and assigned an effective date of January 7, 2011. The rating decision stated that this effective date was assigned because it was the date of receipt of the claim for benefits.
The effective date for direct service connection is the day following separation from active service or date entitlement arose if the claim is received within one year after separation from service; otherwise, it will be the date of receipt of claim, or date entitlement arose, whichever is the later. 38 C.F.R. § 3.400(b)(2)(i).
The statutory and regulatory provisions in effect at the time that the Veteran submitted his 2010 claim required that VA look to all communications from the appellant, which may be interpreted as applications or claims—formal and informal—for benefits. In particular, VA is required to identify and act on informal claims for benefits. 38 U.S.C. § 5110(b)(3); 38 C.F.R. §§ 3.1(p), 3.155(a) (2010); see Servello v. Derwinski, 3 Vet. App. 196 (1992).
VA must liberally construe all documents filed by a claimant. See EF v. Derwinski, 1 Vet. App. 324, 326 (1991). In this case, although the letter sent by the Veteran in August 2010 only requested a claim of entitlement to service connection for tendinitis, the further clarification sent by the Veteran in January 2011 clearly indicates that the claimant believed his tendinitis encompassed pain throughout his feet, including in the soles of his feet. This symptom of pain in the soles of his feet was later diagnosed as bilateral flat feet. The Board therefore finds that the August 2010 claim submitted by the Veteran, when liberally construed in the light most favorable to the Veteran, did include a claim for what was later diagnosed as flat feet.
The evidence also shows that the Veteran’s flat feet disorder had likely already manifested at the time of his August 2010 claim. The Veteran’s VA treatment records show that in August 2010, he reported pain, locking, and swelling in his foot.
The Board therefore finds that the Veteran submitted a claim on August 17, 2010, and as his foot pain had manifested and was medically documented, entitlement had arisen. Hence, an effective date of August 17, 2010 can be assigned. See 38 C.F.R. § 3.400(b)(2)(i).
Although the Veteran has not argued for an effective date prior to August 17, 2010, the Board finds that there is no evidence indicating that an effective date earlier than August 17, 2010 can be assigned. There is no evidence that the Veteran submitted a claim for a disability of the feet prior to August 17, 2010, and there is no correspondence which could be construed as an informal claim for this benefit.
The Board is bound by applicable regulations regarding when an effective date may be assigned. In the absence of any claim, either formal or informal, of entitlement to service connection for any disorder prior to August 17, 2010, there is no basis under law to assign an effective date any earlier than August 17, 2010 for 
 
the award of service connection for bilateral flat feet. See Sabonis v. Brown, 6 Vet. App. 426 (1994).
 
DEREK R. BROWN
Veterans Law Judge
Board of Veterans’ Appeals
ATTORNEY FOR THE BOARD Mary E. Rude, Counsel