﻿Citation Nr: AXXXXXXXX
Decision Date: 09/30/19 Archive Date: 09/30/19

DOCKET NO. 190307-4595
DATE: September 30, 2019

ORDER

Entitlement to an effective date earlier than April 25, 2017, for an increased 70 percent rating for posttraumatic stress disorder (PTSD) is denied. 

A rating in excess of 70 percent from April 25, 2017 to March 18, 2019 for PTSD is denied.

Entitlement to a total disability rating based on individual unemployability (TDIU) is granted.

FINDINGS OF FACT

1. The Veteran’s claim for an increased disability rating for PTSD was received by VA on April 25, 2017; there is no indication that a claim was received earlier than that date, nor is it factually ascertainable that an increase in severity warranting a 70 percent or higher rating occurred during the year prior to filing his claim.

2. At no time during the pendency of the appeal has the Veteran’s PTSD manifested in total social and occupational impairment.

3. The Veteran’s service-connected disabilities have precluded substantially gainful employment.

CONCLUSIONS OF LAW

1. The criteria for an effective date earlier than April 25, 2017, for an increased 70 percent rating for PTSD, have not been met. 38 U.S.C. §§ 5107, 5110; 38 C.F.R. §§ 3.102, 3.400.

2. For the entire appeal period, the criteria for a rating in excess of 70 percent for PTSD have not been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 3.102, 3.159, 3.321, 4.1, 4.3, 4.126, 4.130, Diagnostic Code 9411.

3. The requirements for a TDIU are met. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 4.16.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Board notes that the rating decision on appeal was issued in February 2018. In April 2019, the Veteran elected the modernized review system.

The Veteran had active service from March 1969 to March 1971, July 1978 to April 1984, and January 1991 to July 1991. The Veteran selected the Direct Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting Form 10182 within 60 days of the Statement of the Case (SOC) for an increased rating for PTSD, which was issued on March 18, 2019 after implementation of the AMA. See VA Claims and Appeals Modernization, 84 Fed. Reg. 138, 171 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2400(c)(2)). Thus, the Veteran has properly opted into the modernized review system.

The Board further finds that the issue of entitlement to a TDIU is properly before the Board. In this regard, under the AMA, in order for the Board to take jurisdiction over a claim for a TDIU as part and parcel of a rating issue on appeal—in this case, PTSD—the evidence of unemployability must (1) be submitted prior to the AOJ decision or during an applicable 90-day evidence submission period; and (2) pertain to the period on appeal. As those criteria have been met, the issue of entitlement to a TDIU is properly before the Board.

Finally, the Board observes that the agency of original jurisdiction (AOJ) issued a SOC in January 2019 that denied service connection for ulcerative colitis and denied entitlement to a TDIU. The Veteran filed a VA Form 10182 on March 7, 2019 attempting to request Direct Review of these issues by the Board under the AMA. However, as the AMA had not yet been implemented at the time of the January 2019 SOC, the issues are ineligible for AMA review by the Board. Accordingly, while the Board has taken jurisdiction over the issue of entitlement to a TDIU under AMA as an issue part and parcel with the increased rating claim for PTSD under Rice v. Shinseki, 22 Vet. App. 447 (2009), the issue of service connection for ulcerative colitis is not before the Board.

A. Effective Date – PTSD

An award of direct service connection will be effective on the day following separation from active military service or the date on which entitlement arose if the claim is received within one year of separation from service. Otherwise, except as specifically provided, the effective date of an evaluation and award for pension, compensation, or dependency and indemnity compensation based on an original claim, a claim reopened after a final disallowance, or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110 (a); 38 C.F.R. § 3.400. 

Effective dates for increased evaluations for disability compensation are addressed under 38 C.F.R. § 3.400(o)(2), which provides that the effective date of an increased rating shall be the earliest date as of which it is factually ascertainable that an increase in disability occurred if the application was received within one year from such date. However, the exception articulated in 38 C.F.R. § 3.400(o)(2) only applies where an increase in disability precedes a claim for an increased disability rating; otherwise, the effective date is determined by the general rule outlined above. Hazan v. Gober, 10 Vet. App. 511 (1997); Servello v. Derwinski, 3 Vet. App. 196 (1992). 

Effective March 24, 2015, VA amended its adjudication regulations to require that all claims governed by VA’s adjudication regulations be filed on standard forms prescribed by the Secretary. See 79 Fed. Reg. 57,660 (Sept. 25, 2014). This rulemaking also eliminated the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims for increase and revised 38 C.F.R. § 3.400(o)(2). These amendments are applicable with respect to claims and appeals filed on or after March 24, 2015. Id. at 57,686.

By way of history, in a June 2003 rating decision, the AOJ denied service connection for PTSD. The Veteran did not appeal the decision and it became final. In a rating decision issued in May 2012, the AOJ confirmed and continued the previous denial of service connection for PTSD. The Veteran did not appeal the decision and it became final. In August 2013, the Veteran filed a claim to reopen, and in a July 17, 2015 rating decision, the AOJ granted service connection for PTSD and awarded a temporary total rating from September 1, 2010, and a 30 percent rating from October 1, 2010. The Veteran did not appeal the decision and it too became final.

On April 25, 2017, VA received the Veteran’s intent to file a claim for compensation as reflected in the May 2017 notification letter. In December 2017, the Veteran filed a VA Form 21-526b, Veteran Supplemental Claim, for an increased PTSD rating. Based on the findings of the February 2018 VA examination, VA, in a February 2018 rating decision, increased the Veteran’s disability rating from 30 percent to 70 percent disabling, effective April 25, 2017.

In his March 2018 NOD, the Veteran checked the box regarding the effective date of the award and evaluation of PTSD. He reported that he was seeking the highest possible rating and earliest possible effective date.

The Board finds that no revision in the effective date for the award of a 70 percent rating for PTSD is warranted. In this regard, the Board notes the Veteran’s attorney’s argument that an earlier effective date of May 2016 is warranted as a VA treatment note reflects thoughts of suicide and exacerbated depression symptoms. The Board will address this argument below.

Initially, the Board observes that from July 17, 2015 to April 25, 2017, the Veteran did not file a claim for an increased rating for PTSD on a form prescribed by the Secretary, as is required by regulation to initiate a claim during that time period. Accordingly, no correspondence dated from the last final adjudication of the claim in January 2017 to April 25, 2017 can be interpreted as a claim for increase, warranting an earlier effective date.

The Board has also considered, as argued by the Veteran’s attorney, whether the award of a 70 percent rating may be made effective during the one-year look-back period from the date he filed his claim for increase in April 2017. However, the Board does not find that the evidence shows a factually ascertainable worsening in severity warranting such an increase during that time period. While the Board recognizes that at a May 2016 VA mental health outpatient assessment, the Veteran reported that every couple of months, when his mood was depressed, he felt passive suicidal ideation. By his own report at this assessment, the Veteran noted having experienced suicidal ideation for months, to include prior to April 2016 (which is more than one year prior to his date of claim for increase). Given the foregoing, the Board does find that it is factually ascertainable that his disability worsened to the point of warranting a 70 percent rating during this one-year look back period. See 38 C.F.R. § 3.400(o)(2). 

Accordingly, there is no basis to assign an effective date earlier than April 25, 2017 for the award of an increased rating to 70 percent under both the former and current effective date law and regulations. As such, the benefit sought is denied.

B. Increased Rating – PTSD

As noted above, the Veteran filed an increased rating claim for his PTSD in April 2017. In a February 2018 rating decision, the Agency of Original Jurisdiction (AOJ) granted an increased, 70 percent rating effective the date of the claim, April 25, 2017. The Veteran seeks a higher rating.

Disability evaluations are determined by the application of the facts presented to VA’s Schedule for Rating Disabilities (Rating Schedule) at 38 C.F.R. Part 4. The percentage ratings contained in the Rating Schedule represent, as far as can be practicably determined, the average impairment in earning capacity resulting from diseases and injuries incurred or aggravated during military service and the residual conditions in civilian occupations. 38 U.S.C. § 1155; 38 C.F.R. § 4.1.

Under the General Formula for Mental Disorders (General Formula), the Board must conduct a “holistic analysis” that considers all associated symptoms, regardless of whether they are listed as criteria. Bankhead v. Shulkin, 29 Vet. App. 10, 22 (2017); 38 C.F.R. § 4.130. The Board must determine whether unlisted symptoms are similar in severity, frequency, and duration to the listed symptoms associated with specific disability percentages. Then, the Board must determine whether the associated symptoms, both listed and unlisted, caused the level of impairment required for a higher disability rating. Vazquez-Claudio v. Shinseki, 713 F.3d 112, 114-118 (Fed. Cir. 2013).

A 70 percent rating is assigned when symptoms such as suicidal ideation; obsessional rituals which interfere with routine activities; intermittently illogical, obscure, or irrelevant speech; near-continuous panic or depression affecting the ability to function independently, appropriately and effectively; impaired impulse control (such as unprovoked irritability with periods of violence); spatial disorientation; neglect of personal appearance and hygiene; difficulty in adapting to stressful circumstances (including work or a worklike setting); or inability to establish and maintain effective relationships cause occupational and social impairment with deficiencies in most areas, such as work, school, family relations, judgment, thinking, or mood.

A 100 percent rating is assigned when symptoms such as gross impairment in thought processes or communication; persistent delusions or hallucinations; grossly inappropriate behavior; persistent danger of hurting self or others; intermittent inability to perform activities of daily living (including maintenance of minimal personal hygiene); disorientation to time or place; or memory loss for names of close relatives, own occupation or own name cause total occupational and social impairment.

In connection with his April 2017 claim, the Veteran underwent a VA examination in February 2018. The examiner noted occupational and social impairment with deficiencies in most areas. The Veteran reported that he had not worked since 2011. He reported depression, anxiety, nightmares, suicidal ideation, isolative behavior, and a loss of interest in things he once enjoyed. Other symptoms recorded by the VA examiner included anxiety; suspiciousness; near-continuous panic or depression; chronic sleep impairment; flattened affect; disturbances of motivation and mood; difficulty in establishing and maintaining effective work and social relationships; difficulty adapting to stressful circumstances; inability to establish and maintain effective relationships; and suicidal ideation. The Veteran denied hallucinations and delusions. He was alert and oriented to person, place, time and situation. His thought process was logical and goal-directed. His speech pattern with within normal limits for rate, tone, and rhythm. His recent and remote memory appeared to be intact. He was able to track the conversation during the interview and provide a coherent history. 

VA treatment notes dated throughout the appeal period show continued treatment for PTSD, to include active participation in group therapy. 

In a February 2018 independent medical evaluation, Dr. J.S., after an interview with the Veteran, specifically noted that the Veteran’s PTSD resulted in occupational and social impairment with deficiencies in most areas. Specifically, Dr. J.S. noted that the Veteran had symptoms including stressful memories, nightmares, flashbacks, constant and severe emotional distress, physical reactions, persistent avoidance of situations, feeling estranged from others, feeling emotionally numb, feeling angry, and feeling suspicious and overreactive. 

After a careful review of all lay and medical evidence of record pertinent to the appeal period, the Board finds that a rating in excess of 70 percent is not warranted. In this regard, the evidence overall does not demonstrate that the Veteran’s PTSD symptoms manifested in total occupational and social impairment, warranting the assignment of a 100 percent rating. In this regard, as noted in VA treatment records and at the February 2018 VA examination, the Veteran was consistently oriented to person, place, time and situation, had logical thought processes and had intact memory. VA treatment notes reflect that the Veteran was actively engaged in group therapy. He reported at his VA examination that he has been married since 2013. While the reports of the February 2018 VA examination report and the independent medical evaluation submitted by Dr. J.S. show that the Veteran experiences serious and debilitating symptoms related to his PTSD, there is no evidence that the Veteran suffered from gross impairment in thought processes or communication, persistent delusions or hallucinations, or grossly inappropriate behavior. Indeed, Dr. J.S. did not opine that the Veteran had total occupational and social impairment. While suicidal ideation has been noted, providers have consistently noted that the Veteran has not been in danger of hurting himself or others.

For these reasons, a rating in excess of 70 percent for the appeal period is denied.

C. Entitlement to a TDIU

Under the applicable criteria, all veterans who are unable to secure and follow a substantially gainful occupation by reason of service-connected disabilities shall be rated totally disabled. See 38 C.F.R. § 4.16. A finding of total disability is appropriate when there is present any impairment of mind or body which is sufficient to render it impossible for the average person to follow a substantially gainful occupation. See 38 C.F.R. §§ 3.340(a)(1), 4.15. In determining whether unemployability exists, consideration may be given to a veteran’s level of education, special training, and previous work experiences, but not to her age or to any impairment caused by nonservice-connected disabilities. See 38 C.F.R. § § 3.341, 4.16, 4.19.

A total disability rating for compensation purposes may be assigned, where the schedular rating is less than total, when the disabled person is, in the judgment of the rating agency, unable to secure or follow a substantially gainful occupation as a result of service-connected disabilities, provided that, if there is only one such disability, this disability shall be ratable at 60 percent or more. If there are two or more disabilities, there shall be at least one disability ratable at 40 percent or more, and the combined rating must be 70 percent or more. See 38 C.F.R. § 4.16 (a). For the purpose of one 60 percent or one 40 percent disability in combination, disabilities resulting from a common etiology or a single accident will be considered as one disability. 38 C.F.R. § 4.16(a).

The Veteran meets the minimum percentage requirements for a TDIU under 38 C.F.R. § 4.16(a). Aside from his PTSD, which is rated 70 percent disabling, the Veteran is service-connected for hemorrhoids, rated as 20 percent disabling; tinnitus, rated as 10 percent disabling, and for left ear hearing loss and erectile dysfunction, both rated as noncompensable. 

Upon consideration of the relevant evidence, the Board finds that the evidence is at the very least in equipoise as to whether a TDIU is warranted. The February 2018 VA examination report and the February 2018 independent medical evaluation show that the Veteran experiences occupational impairment with deficiencies in most areas. Dr. J.S., after an interview of the Veteran and review of the entire file, opined that it was least as likely as not that the Veteran’s service-connected PTSD prevents him from obtaining and/or maintaining substantially gainful employment, insofar as the Veteran’s extreme, intrusive, and obsessional re-experiencing of his military sexual trauma (MST) has created chronic and severe impairment in memory and concentration which would interfere with him working in any private setting. Moreover, Dr. J.S. noted that the Veteran’s persistent and profound fear of being re-victimized by others, and his persistent agitation and aggressive outbursts, would interfere the ability to work in any public setting.

Accordingly, entitlement to a TDIU is granted. 38 U.S.C. § 1155; 38 C.F.R. §§ 3.340, 3.341, 3.400(o), 4.16.

 

V. Chiappetta

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Polly Johnson, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.