﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 181115-34847
DATE: November 27, 2019

ORDER

The claim of entitlement to an effective date earlier than February 8, 2008 for the grant of service connection for an aortic regurgitation disability with left ventricular hypertrophy is denied. 

FINDINGS OF FACT

1. On October 31, 2007, the RO received the Veteran’s first and only claim of service connection for an aortic regurgitation disability with left ventricular hypertrophy. 

2. The Veteran separated from active service on February 7, 2008. 

CONCLUSION OF LAW

The criteria for an effective date earlier than February 8, 2008, for an aortic regurgitation disability with left ventricular hypertrophy have not been met. 38 U.S.C. §§ 5101, 5107, 5110 (2012); 38 C.F.R. §§ 3.1, 3.102, 3.151, 3.400, 4.3 (2017). 

REASONS AND BASES FOR FINDING AND CONCLUSION

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA’s decision on their claim to seek review. The Board is honoring the Veteran’s choice to participate in VA’s test program, the Rapid Appeals Modernization Program (RAMP). 

The Veteran served in the U.S. Air Force from June 8, 2000 to February 7, 2008. The Veteran selected the Supplemental Claim lane when he submitted his RAMP election form in February 2018. Accordingly, the July 2018 rating decision considered the evidence of record prior to the issuance of the RAMP rating decision. In a November 2018 VA Form 21-4138 – RAMP ELECTION Form, the Veteran timely appealed the RAMP rating decision to the Board and requested the Evidence Submission lane to be allowed 90 days from VA receipt of his Board Appeal to submit additional evidence pertaining to the period on appeal. In an October 2019 letter to the Veteran, the Board informed him that it had received his Board Appeal request (VA Form 10182) and his appeal had been placed on the Evidence Submission docket.

Earlier Effective Date

The Veteran asserts that he is entitled to an effective date earlier than February 8, 2008 for the grant of service connection for an aortic regurgitation disability with left ventricular hypertrophy. 

Under VA laws and regulations, a specific claim in the form prescribed by VA must be filed in order for benefits to be paid or furnished to any individual under laws administered by VA. 38 U.S.C. § 5101(a); 38 C.F.R. § 3.151(a). In general, the effective date of an award based on an original claim, or a claim reopened after final adjudication of compensation, shall be fixed in accordance with the facts found, but shall not be earlier than the date of the receipt of the application. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. However, if the claim is received within one year after separation from service, the effective date of an award of disability compensation shall be the day following separation from active service. 38 U.S.C. § 5110(b)(1) (2012); 38 C.F.R. § 3.400(b)(2)(i) (2017).

During the pendency of this appeal, VA amended it regulations to require that all claims governed by VA’s adjudication regulations be filed on standard forms prescribed by the Secretary, regardless of the type of claim or posture in which the claim arises, and eliminated the constructive receipt of VA reports of hospitalization or examination and other medical records as informal claims. See 79 Fed. Reg. 57,696(Sep. 25, 2014) (effective Mar. 24, 2015).

Prior to this change, a “claim” was defined broadly to include a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p); Brannon v. West, 12 Vet. App. 32, 34-5 (1998); Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). Any communication or action indicating an intent to apply for one or more benefits under laws administered by VA from a claimant may be considered an informal claim. To determine when a claim was received, the Board must review all communications in the claims file that may be construed as an application or claim. See Quarles v. Derwinski, 3 Vet. App. 129, 134 (1992).

Aortic Regurgitation Disability

Considering the evidence of record under the laws and regulations as set forth above, the Board finds that February 8, 2008 is the correct date for the grant of service connection for an aortic regurgitation disability with left ventricular hypertrophy.

The Veteran filed his first and only claim for service connection for an aortic regurgitation disability in October 2007. The Veteran separated from active service on February 7, 2008. The claim for service connection was granted in an April 2008 rating decision. The Veteran currently has a 30 percent disability rating for this aortic regurgitation disability with left ventricular hypertrophy, effective February 8, 2008, the day after the Veteran’s separation from active service. Considering the claim was filed within a year of the Veteran’s separation from active service, assigning an effective date of the date after separation is supported by the laws and regulations. 38 C.F.R. § 3.400(b)(2)(i). 

The Board acknowledges the Veteran’s assertions that he had the disability during active service. However, based on the laws and regulations as laid out above, there is no legal basis to grant an earlier effective date. 

Based on the above, the Board concludes that the Veteran is not entitled to an effective date earlier than February 8, 2008 for the grant of service connection for an aortic regurgitation disability with left ventricular hypertrophy. Therefore, the Veteran’s claim of entitlement to an effective date earlier than February 8, 2008, for the grant of service connection for an aortic regurgitation disability with left ventricular hypertrophy must be denied. There is no reasonable doubt to be resolved as to this issue. See 38 U.S.C. § 5107(b); 38 C.F.R. §§ 3.102, 4.3.

 

 

JAMES G. REINHART

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Department of Veterans Affairs

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.