﻿Citation Nr: AXXXXXXXX
Decision Date: 02/28/20 Archive Date: 02/28/20

DOCKET NO. 190708-11408
DATE: February 28, 2020

ORDER

Entitlement to an effective date prior to February 20, 2013 for service connection for gout of the bilateral knees, ankles, and feet is denied.

FINDINGS OF FACT

1. On February 20, 2013, the Veteran filed a service connection claim for bilateral knee joint pain. The claim was denied in a November 2013 rating decision. In September 2014, the Veteran submitted a timely Notice of Disagreement (NOD) in response to the November 2013 rating decision. VA did not issue a Statement of the Case (SOC) and the claim remained open.

2. On August 10, 2017, the Veteran submitted notice that he intended to file a claim. In July 2018, the Veteran filed a claim of service connection for gout of the bilateral knees, feet, and ankles. In a December 2018 rating decision, the claim of service connection for gout was granted, effective August 10, 2017. The Veteran submitted a timely NOD in February 2019. 

3. In a June 2019 rating decision, an effective date of February 20, 2013 was established for service connection of gout. 

CONCLUSION OF LAW

The criteria for an effective date prior to February 20, 2013 for the grant of service connection for gout have not been met. 38 U.S.C. §§ 5103, 5103A, 5107, 5108, and 5110; 38 C.F.R. §§ 3.156, 3.157, 3.158, 3.160, 3.400.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran served on active duty from October 1979 to July 1992.

This matter comes before the Board of Veterans’ Appeals (Board) on appeal from a June 2019 rating decision issued by a Department of Veterans Affairs (VA) Regional Office (RO). 

In June 2019, the Veteran elected the modernized review system and selected Direct Review by a Veterans Law Judge with the Board of Veterans’ Appeals (Board). Therefore, the Board’s review is limited to the evidence of record by the time of the June 2019 rating decision. See Pub. L. No. 115-55, § 2(w); 38 C.F.R. § 20.301.

Earlier Effective Date

In assigning effective dates, the general rule is that the effective date of an evaluation and award of compensation based on an original claim or a claim for increase will be the date of receipt of the claim or the date entitlement arose, whichever is later. 38 U.S.C. § 5110(a); 38 C.F.R. § 3.400. The date of entitlement is the date the claimant meets the basic eligibility criteria for the benefit.

Prior to March 24, 2015, a claim was defined as a formal or informal communication in writing requesting a determination of entitlement or evidencing a belief in entitlement to a benefit. 38 C.F.R. § 3.1(p). Any communication or action indicating intent to apply for one or more benefits administered by VA may be considered an informal claim. 38 C.F.R. § 3.155(a). The benefit sought must be identified, though it need not be specific. See Servello v. Derwinski, 3 Vet. App. 196, 199 (1992). Thus, the essential elements for any claim, whether formal or informal, are (1) an intent to apply for benefits, (2) an identification of the benefits sought, and (3) a communication in writing. Brokowski v. Shinseki, 23 Vet. App. 79, 84 (2009).

1. Entitlement to an effective date prior to February 20, 2013 for service connection for gout of the bilateral knees, ankles, and feet 

The Veteran contends that he is entitled to an effective date prior to February 20, 2013 for service-connected gout. He has not specified what effective date he believes is appropriate or why an earlier effective date is appropriate.

After careful consideration of the record, the Board finds that the date of February 20, 2013 for the grant of service connection for gout is correct.

On February 20, 2013, the Veteran filed an informal claim for service connection for bilateral knee joint pain. In a November 2013 rating decision, service connection for knee joint pain was denied. The Veteran filed a timely NOD in September 2014. However, the RO failed to issue a SOC in response to the Veteran’s NOD.

The claims file shows that the Veteran submitted an intent to file a claim on August 10, 2017. In July 2018, the Veteran filed a claim of service connection for gout of the bilateral knees, feet, and ankles. The RO issued a rating decision in December 2018 granting service connection for gout, with an effective date of August 10, 2017, the date the Veteran submitted notice of an intent to file a claim. The Veteran submitted a timely NOD in February 2019 and explained that he had previously submitted a NOD in response to the November 2013 rating decision that denied his service connection claim for bilateral knee pain. He provided a copy of the September 2014 NOD, and alleged that failure to acknowledge the September 2014 NOD constitutes a clear and unmistakable error. 

The RO then issued a June 2019 rating decision that granted an effective date of February 20, 2013 for service connection for gout. The RO explained that the February 20, 2013 effective date was based on the date the Veteran originally filed a claim, and that due to the lack of response to the September 2014 NOD, the claim had remained open. Additionally, the RO stated that a review of the Veteran’s claims file did not show that VA had a copy of the September 2014 NOD at the time of the December 2018 rating decision, and therefore there was no clear and unmistakable error. 38 C.F.R. § 3.105. Subsequently, the Veteran filed a Decision Review Request, requesting Direct Review of his claim by a VLJ with the Board. 

The Board finds the date of February 20, 2013 is the appropriate effective date for service connection of gout. A thorough review of the claims file does not show that any written communication by or on behalf of the Veteran was received at any time prior to February 20, 2013, in which he requested a determination of entitlement or evidenced a belief in entitlement to service connection for gout and/or pain of multiple joints. 

Because the preponderance of the evidence is against finding that the Veteran was entitled to an earlier effective date for gout of the bilateral knees, ankles, and feet, the Veteran’s claim seeking an earlier effective date is denied.

 

 

T. SHERRARD

Acting Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board N. Miller, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.